The judgment must be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.

---

Thomas A. Young et al., Appellants, *v.* The Western Union Telegraph Company, Respondent.

Where a telegraph company furnishes its customers printed blanks containing the terms upon which it proposes to transmit messages, a delivery to the company for transmission of a message written upon one of such blanks is an acceptance of the terms and constitutes a contract between the parties.

Plaintiffs delivered to defendant for transmission a message written upon a blank so furnished by it, which contained a clause to the effect that the company would not be liable for damages in any case unless a claim therefor should be presented in writing within sixty days after sending the message. The message was not correctly transmitted. An imperfect statement of the damages claimed was presented by plaintiff's agent to the operator or receiving clerk in defendant's office, who, after examining it, handed it back to the agent, stating he had nothing to do with it, referring the agent to the officers of the company. He went to the officers' rooms, but found them absent. No other claim was presented until after the expiration of the sixty days. *Held*, that the

agreement was consistent with public policy; that the presentation of the incorrect claim to the operator or clerk was not, in the absence of evidence that any power or duty in reference to the subject-matter had been conferred upon him by defendant, a compliance with the condition, and that defendant was not liable.

(Argued January 6, 1875; decided May term, 1875.)

Appeal from order of the General Term of the Superior Court of the city of New York, reversing a judgment in favor of plaintiff entered upon a verdict. (Reported below, 2 J. & S., 390.)

This action was brought to recover damages alleged to have been sustained by plaintiff because of the incorrect transmission of a message.

The message was delivered by plaintiffs to defendant at its office in the city of New York, December 2, 1867. It was written upon one of the company's printed blanks, upon which was printed the terms upon which the company proposed to send messages, commencing as follows:

"All messages taken by the company subject to the following terms." One of the terms was as follows : " The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message."

The message, as delivered to defendant, read : " Send *no* more oysters until further order." As sent, it read : " Send *us* more oysters until further orders." In consequence of the mistake plaintiffs' agent in Norfolk, to whom it was sent, continued to forward oysters, which were sold at a loss.

It appeared that plaintiffs' attorney, on or about January 15th, 1868, made up a statement of the loss which was conceded to be incorrect, which he exibited to an operator or receiving clerk at defendant's office for receiving messages in New York. The person to whom it was presented, after looking at it handed it back, saying he had nothing to do with it, and referred the attorney to the officers of the company up stairs. The attorney went up stairs to the offices, or rooms of defendant's president and treasurer, but they were absent. The attorney destroyed this statement, and on Feb-

ruary 6, 1868, addressed a note to defendant's president inclosing a statement of plaintiffs' claim.

Defendant's counsel on the trial moved for a dismissal of the complaint, among other things, upon the ground that the claim was not presented within sixty days. The motion was denied and defendant's counsel duly excepted.

The court charged, in substance, that a presentation of the claim by plaintiffs' attorney to an operator in defendant's office was a sufficient presentation of the claim to bind the company, to which charge defendant's counsel duly excepted. The jury rendered a verdict for the damages claimed.

*James Clark* for the appellants. The stipulations in defendant's blank afforded it no protection in case it was negligent. (Redf. on Car., §§ 550, 552, 557, 561; *Breese* v. *U. S. Tel. Co.*, 48 N. Y., 140; *De Rutte* v. *N. Y., etc., Tel. Co.*, 1 Daly, 547; *Tyler* v. *W. U. Tel. Co.*, 60 Ill., 421; *Lamb* v. *C. and A. R. R. Co.*, 46 N. Y., 271; *True* v. *International Tel. Co.*, 60 Me., 9, 18; *Caldwell* v. *N. J. Stbt. Co.*, 47 N. Y., 282; *Guillaume* v. *H. and A. P. Co.*, 42 id., 212; *Sweatland* v. *I. and M. Tel. Co.*, 17 Iowa, 433.) Negligence on its part was sufficiently alleged and proved. (*Ritterhouse* v. *Ind. L. Tel. Co.*, 44 N. Y., 263; *Elwood* v. *W. U. Tel. Co.*, 45 id., 549; S. & R. on Neg., 609, 610; *Alden* v. *Pearson*, 3 Gray, 342; *Baldwin* v. *U. S. Tel. Co.*, 45 N. Y., 744.) Plaintiffs had a right to rely on the statement of the defendant's agent that he had repeated the message. (*Contl. Bk.* v. *Nat. Bk. of Comm.*, 50 N. Y., 578; *Dezell* v. *Odell*, 3 Hill, 215.) Notice of plaintiffs' claim within sixty days after the message was sent was not necessary. (2 Redf. on Railways, § 168; *Carpue* v. *L. and B. R. Co.*, 5 Q. B., 747; *Palmer* v. *G. J. R. Co.*, 4 M. & W., 749; *So. Ex. Co.* v. *Caperton*, 44 Ala., 101.) If such notice was necessary, the one served was sufficient. (*Bumstead* v. *Div. M. Ins. Co.*, 12 N. Y., 81; *O'Neal* v. *Buff. F. Ins. Co.*, 3 id., 122; *Francis* v. *Ocean F. Ins. Co.*, 6 Cow., 404; *Greenfield* v. *Mass. M. Ins. Co.*, 47 N. Y., 430; *Wightman* v. *W., M. and F. Ins. Co.*, 8 Rob. [La.],

442; *Smith* v. *Etna L. Ins. Co.*, 5 Lans., 545; *Kimball* v. *Ham. F. Ins. Co.*, 8 Bosw., 495; *Peacock* v. *N Y. L. Ins. Co.*, 1 id., 338; *Lewis* v. *Mon. M. F. Ins. Co.*, 52 Me., 492; *G. W. F. Ins. Co.* v. *Staaden*, 26 Ill., 360; *Bilbrough* v. *Met. L. Ins. Co.*, 5 Duer, 587; *Killips* v. *Put. F. Ins. Co.*, 28 Wis., 472; *Putnam* v. *Ætna F. Ins. Co.*, 43 Barb., 351; *Walker* v. *Mut. F. Ins. Co.*, 26 Me., 371.)

*Geo. W. Soren* for the respondent. Plaintiffs, by using defendant's blank, contracted with it, according to the conditions contained in the heading. (*Breese* v. *U. S. Tel. Co.*, 48 N. Y., 132; *Belger* v. *Dinsmore*, 51 id., 166; *U. S. Tel. Co.* v. *Gildersleeve*, Al. Tel. Cas., 403; *Wolf* v. *W. U. Tel. Co.*, 62 Penn., 83; *Redpath* v. *W. U. Tel. Co.*, 10 Alb. L. J., 392; *McAndrew* v. *El. Tel. Co.*, 17 C. B., 3; *Collender* v. *Dinsmore*, 55 N. Y., 209; *Magnin* v. *Dinsmore*, 56 id., 168; *Squire* v. *N. Y. C. R. R. Co.*, 98 Mass., 239; *Grace* v. *Adams Ex. Co.*, 100 id., 505; *Lawrence* v. *N. Y. P. and B. R. Co.*, 36 Conn., 63; *Kalman* v. *U. S. Ex. Co.*, 3 Kans., 215; *Oppenheimer* v. *U. S. Ex. Co.*, 9 Alb. L. J., 187; *Bk. of Ky.* v. *Adams Ex. Co.*, Am. L. Rev., Oct., 1874, p. 155; *Lewis* v. *G. W. R. Co.*, 5 H. & N., 867; *Van Toll* v. *S. E. R. Co.*, 12 C. B. [N. S.], 78; *Walker* v. *Y. and N. R. Co.*, 2 El. & Bl., 760.) The claim for damages not having been presented according to the conditions of the contract, this action will not lie. (*Bell* v. *Morrison*, 1 Pet., 360; *N. W. Ins. Co.* v. *Phœnix, etc.*, 31 Penn., 449; *Riddlesbarger* v. *Hartf. Ins. Co.*, 7 Wal., 389; *Peoria M. and F. Ins. Co.* v. *Whitehill*, 25 Ill., 474; *Nute* v. *Ham. Ins. Co.*, 6 Gray, 174; *Amesbury* v. *Ham. Ins. Co.*, id., 596; *Patrick* v. *Ins. Co.*, 43 N. H., 622; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y., 136, 150; *Cray* v. *Hartf. Ins. Co.*, 1 Blatchf., 280; *Amesbury* v. *Bowd. Ins. Co.*, 6 Gray, 603; *Roach* v. *N. Y. and E. Ins. Co.*, 30 N. Y., 548; *Inland Ins. Co.* v. *Stauffer*, 9 Cas., 397; *Bumstead* v. *Div. Ins. Co.*, 2 Kern., 91; *Wolf* v. *W. U. Ins. Co.*, 62 Penn., 87; *Lewis* v. *G. W. R. Co.*, 5 H. & N., 867; *Doe* v. *Woodman*, 8 East, 228.) Defendant was not guilty of negligence

in sending the message. (*Carew* v. *W. U. Tel. Co.*, 15 Mich., 533; *Ellis* v. *Am. Tel. Co.*, 13 Al., 231; *Playford* v. *U. K. Tel. Co.*, Al. Tel. Cas., 454; *Breese* v. *U. S. Tel. Co.*, 48 N. Y., 132; *Dike* v. *Erie R. Co.*, 45 id., 113; *Baldwin* v. *U. S. Tel. Co.*, id., 744; *Sweatland* v. *Ill. and Miss. Tel. Co.*, 27 Iowa, 433; *Gildersleeve* v. *U. S. Tel. Co.*, 29 Md., 232; *Wann* v. *W. U. Tel. Co.*, 37 Mo., 422; *Camp* v. *Tel. Co.*, 1 Metc., 164; *Redpath* v. *W. U. Tel. Co.*, 10 Alb. L. J., 391, 392; *McAndrew* v. *Tel. Co.*, 17 C. B., 3.) The mere occurrence of an accident is not *prima facie* proof of negligence. (*Byrne* v. *Boadle*, 2 H. & C. Ex., 722; *Curtis* v. *Roch., etc., R. R. Co.*, 18 N. Y., 534; *Edgerton* v. *N. Y. and H. R. Co.*, 39 id., 229; *Tr. Co.* v. *Downer*, 11 Wal., 134; *French* v. *Buff., etc., R. Co.*, 4 Keyes, 108; *Giblin* v. *McMullin*, 2 L. R., P. C., 317.)

Gray, C. The defendant's blanks contained printed terms upon which it proposed to transmit messages over its line, subjoined to which was the following : " Send the following message subject to the above terms, which are agreed to." Following that was the plaintiff's written message. The statement of the terms by the defendant upon which messages would be transmitted over its line, and the acceptance of those terms by the plaintiff, constituted a contract as to the terms upon which the message, out of which this controversy has arisen, was sent (*Breese* v. *The U. S. Tel. Co.*, 48 N. Y., 132, 139, 141; *Belger* v. *Dinsmore*, 51 id., 166, 173; *Wolf* v. *The W. Union. Tel. Co.*, 62 Penn. St., 82, 87); and so it was held on the trial. One of the terms of this contract thus consummated was, that the defendant would not be liable for any damages in any case where the claim for damages should not be presented in writing within sixty days after sending the message. The message was sent on the 2d day of December, 1867, and the only evidence of a notice by the plaintiff to the defendant, of any kind, within sixty days after sending the message, was, that an incorrect statement of the damages claimed by the plaintiffs was made in their behalf between the

fifteenth and twentieth of January, next after the message was sent, and carried by the plaintiff's agent to the first floor of the defendant's office, in the city of New York, and there shown to an operator or receiving-clerk, who, upon looking at it, handed it back to the agent, saying that he had nothing to do with it, and referred him (in the language of the witness), to the officials up stairs, where the agent went and inquired for both the defendant's president and treasurer, and upon being informed that each of them was absent, returned to his office, tore up the statement he had exhibited to the operator or the receiving clerk ; and on the sixth of the following month (February) after more than sixty days had elapsed after the day on which the message was sent, addressed a note to the defendant's president, containing a statement of the damages claimed by the plaintiff, which was carried and left at the office of the defendant; and this was held, by the judge before whom the trial was had, to be, if the jury believed the evidence, a compliance with .the agreement requiring the plaintiffs' claim. for damages to be presented, in writing, within sixty days after sending the message, as a condition of the defendant's liability.    In so ruling, an error was committed, for which the judgment which followed the ruling thus made was properly reversed.    If presenting a claim in writing to an agent of the company authorized to exercise any of its corporate powers in relation to the subject-matter of the claim, and permitting it to be perused, and then receiving it back from him and destroying it would be a compliance with the agreement, even that was not done in this case.    The person to whom it was presented was not shown to be a representative of the company in any capacity which conferred upon him any power or duty relating to the subject-matter of the claim, but was rather a servant of the company, holding the same legal relation to it that an ordinary operative holds in a business or manufacturing establishment to his employer, and to whom a tender of the performance of a contract would not bind his principal; and this was the only presentation of the plaintiff's claim, in any way, until the time

within which it was to be presented in writing had expired. The agreement itself was, as has been held in Wolf and others against this defendant, in a case in all respects like the one we are considering, consistent with public policy, and valid (62 Penn. St., 82, 88), and is, in principle, sustained by the authority of the highest judicial tribunal in this State or nation. (*Ripley* v. *Ætna Ins. Co.*, 30 N. Y., 136, 163; *Roach* v. *N. Y. and Erie Ins. Co.*, id., 546; *The Southern Express Co.* v. *Coldwell*, decided at the last October Term of U. S. Sup. Ct., and not yet reported.)

The order appealed from should be affirmed.

All concur.

Order affirmed, and judgment absolute ordered against plaintiffs.