HEIMANN and others vs. THE WESTERN UNION TELEGRAPH COMPANY.

*April 7 — May 31, 1883.*

TELEGRAPH COMPANIES: COURT AND JURY. *(1) Validity of condition as to presenting claim for damages. (2) Reasonableness of time.*

1. A condition printed on a telegraph blank " that no claim for damages shall be valid unless presented in writing within twenty days from sending the message," is reasonable and valid. A delay in receiving the message, though occasioned by a mistake of the company, would not modify the condition or extend the time if a reasonable time was left, after knowledge of the mistake, to present the claim.

2. Whether the time fixed by a contract, within which an act is to be performed, is reasonable. as affecting the validity of the contract itself, is a question of law to be determined by the court.

APPEAL from the County Court of *Milwaukee* County.

Action to recover damages for a delay in the delivery of a telegram. The blank used by the plaintiffs in sending the message was in the following form:

"THE WESTERN UNION TELEGRAPH COMPANY.

"HALF RATE MESSAGE.

"The business of telegraphing is liable to errors and delays, arising from causes which cannot at all times be guarded against, including, sometimes, negligence of servants and agents whom it is necessary to employ. Most errors and delays may be prevented by repetition, for which, during the day, half-price extra is charged, in addition to the full tariff rates.

" *The Western Union Telegraph Company* will receive messages for transmission between stations in the United States east of the Mississippi river, to be sent without repetition, during the night, at one half the usual rates, on condition that the sender will agree that he will not claim damages

from it for errors or delays, or for nondelivery of such messages, happening from any cause other than the acts of its corporate officers, beyond a sum equal to ten times the amount paid for transmission; and that no claim for damages shall be valid unless presented in writing within twenty days from sending the message.

"The company will be responsible to the limits of its lines only, for messages destined beyond, but will act as the sender's agent to deliver the message to connecting companies, or carriers, if desired, without charge and without liability.

"WILLIAM ORTON, President.

"GEO. H. MUMFORD, Secretary.

"Send the following half-rate message subject to the above terms, which are agreed to."

Other facts are stated in the opinion. The court directed a verdict for the plaintiffs for $2.65, the amount paid by them for the transmission of the message, and from the judgment entered on such verdict the plaintiffs appealed.

*Frank B. Van Valkenburgh*, for the appellants, to the point that the twenty days' rule was unreasonable and its enforcement would do away with all the safeguards created by law, cited: *Comm. v. Power*, 7 Met., 596; *Bass v. C. & N. W. Railway Co.*, 36 Wis., 450; 2 Thomp. on Neg., 846, sec. 10; *Candee v. W. U. Tel. Co.*, 34 Wis., 471; *Ward v. N. Y. C. R. R. Co.*, 47 N. Y., 29; *Griffin v. Colver*, 16 id., 489; *W. U. Tel. Co. v. Fontaine*, 58 Ga., 433; Redfield on Railways, 88.

For the respondent the cause was submitted on a brief signed by *Finches, Lynde & Miller*, as attorneys, and *B. K. Miller, Jr.*, of counsel:

It is well settled that telegraph companies may limit their liability by contract. The plaintiffs having taken advantage of the reduced rates on night messages and having voluntarily assumed the additional risk attendant on night service, if the error in transmission might have been cor-

rected by repetition and is not shown to have been caused by gross negligence or fraud, the company is relieved from liability under the contract. *McAndrew v. Electric Tel. Co.*, 17 Com. B., 3; *Camp v. W. U. Tel. Co.*, 1 Met. (Ky.), 164; *Wann v. W. U. Tel. Co.*, 37 Mo., 472; *Ellis v. Am. Tel. Co.*, 13 Allen, 226; *W. U. Tel. Co. v. Carew*, 15 Mich., 525; *Breese v. U. S. Tel. Co.*, 48 N. Y., 132; *Passmore v. W. U. Tel. Co.*, 78 Pa. St., 238; *Redpath v. W. U. Tel. Co.*, 112 Mass., 71; *Grinnell v. W. U. Tel. Co.*, 113 id., 299; *Becker v. W. U. Tel. Co.*, 11 Neb., 87. See, also, *De Rutte v. N. Y. Tel. Co.*, 1 Daly, 547; *S. C.*, 30 How. Pr., 403; *U. S. Tel. Co. v. Gildersleve*, 29 Md., 232; *Graham v. W. U. Tel. Co.*, 1 Col., 230; *Sweatland v. I. & M. Tel. Co.*, 27 Iowa, 432; *Manville v. W. U. Tel. Co.*, 37 id., 214; *W. U. Tel. Co. v. Buchanan*, 35 Ind., 429; *Schwartz v. A. & P. Tel. Co.*, 18 Hun, 157; *Clarence G. M. Co. v. Montreal Tel. Co.*, 8 Quebec L. R., 94; *Aikin v. W. U. Tel. Co.*, 5 Rich. (S. C.), N. S., 358. Even if the strict rules applicable to common carriers apply to the transmission of telegrams, yet it is an invariable rule that common carriers may limit their liability by contract. *Boorman v. Am. Exp. Co.*, 21 Wis., 152; *Bank of Kentucky v. Adams Exp. Co.*, 93 U. S., 188; *Hill v. S., B. & N. Y. R. R. Co.*, 73 N. Y., 351; 2 Wait's Act. & Def., 40. But telegraph companies should not be held to as strict a liability as common carriers. *Ellis v. Am. Tel. Co.*, 13 Allen, 226. The rule requiring claims for damages to be presented within twenty days was reasonable, and such regulations have been uniformly sustained. *Wolf v. W. U. Tel. Co.*, 62 Pa. St., 83; *Lewis v. G. W. Railway Co.*, 5 Hurlst. & N., 867; *Young v. W. U. Tel. Co.*, 65 N. Y., 163; *Southern Exp. Co. v. Caldwell*, 21 Wall., 265; *Southern Exp. Co. v. Hunnicutt*, 54 Miss., 566; *U. S. Exp. Co. v. Harris*, 51 Ind., 127; *Trask v. State F. & M. Ins. Co.*, 29 Pa. St., 198; May on Ins. (2d ed.), sec. 462; *Cornell v. M. M. Fire Ins. Co.*, 18 Wis., 387; *Badger v. Glens Falls Ins. Co.*, 49 id., 389.

ORTON, J. The main question in this case, and on which, more than all others, the verdict was directed, was whether the plaintiffs were bound by the condition in the printed rules and regulations of the defendant company, which, if accompanying the original message to be sent, or known by the plaintiffs to exist in respect to such message, became the contract between the parties,—"that no claim for damages shall be valid unless presented in writing within twenty days from sending the message." The testimony of the plaintiffs themselves was that for many years they had used the blanks of the company containing these rules in respect to night messages, and one of the plaintiffs wrote in pencil the address of the message in question, together with the date, upon one of these blanks. That the plaintiffs were bound by these rules as the contract between the parties in respect to this message, in view of the evidence, is too clear for argument or question. The message was sent in the night of the 7th day of May and was received promptly at the company's office in New York, and immediately sent by messenger to the St. Nicholas Hotel, the place of the address, where one of the plaintiffs was stopping at the time, and was not handed to him, only because there was an error in the name of *Heimann* by the use of the letter "r" therein instead of "i," which made the name "Hermann." The dispatch, however, was handed to the proper person on the 14th day of May. This delay, it is alleged, occasioned the plaintiffs' damages. No claim for such damages was presented to the company in writing or otherwise until the 31st day of May following,— more than twenty days from *sending* the message on the 7th day of May. There is no chance for construction in the meaning of the word "sending." It was sent only once as a telegraph message, and that was on the night of the 7th. It is contended that the delay in receiving the message, occasioned by the mistake or error of the company, should modify this condition and extend the time.

I know of no such rule of law where a reasonable time is still left, after knowledge of the mistake, to give such notice. This principle is recognized in respect to limitation laws, as well as limitations of time in contracts, in cases too numerous to be cited. What the rule might be where the whole time had elapsed before knowledge of the mistake or neglect we need not consider. Here there was time enough left for such notice in the time between the 14th and the 27th of May. It is further contended that this condition is unreasonable and void on grounds of public policy. There can be no test as to whether this length of time is reasonable or not, except the possibility of giving the notice within such time under ordinary circumstances, without unreasonable expedition or haste. By that criterion twenty days' time is as reasonable as thirty, sixty, or ninety. The time beyond that required to give the notice is an unused and neglected excess for such purpose, and can be of no possible advantage without the intervention of unexpected or unnecessary conditions, against which no law or contract can provide.

The only question remaining is whether such a condition is valid. Such a condition has been held obligatory in insurance, freight, and other contracts, and in legislation, where damages have resulted from accident or negligence, and in such cases the principle is now undisputed. It is only necessary to refer to authorities in which this or a similar condition has been held valid.

In *Wolf v. W. U. Tel. Co.*, 62 Pa. St., 83, the message was an ordinary day message, sent under a contract providing for its being repeated and at full rates, and the condition for notice of the claim for damages was to be sixty days from the sending. The condition was held valid within the maxim *conventio vincit legem*, and reasonable as to time.

In *Young v. W. U. Tel. Co.*, 65 N. Y., 163, the contract was the same as in the above case, and the condition was held valid and reasonable. There is much stronger reason

in favor of the validity of such a condition in telegraph contracts, and the reasonableness of the time, than of the validity of such a condition and of the reasonableness of this limitation of time in contracts of insurance and transportation, and it is found in the nature and peculiar character of the business of telegraphing, and particularly in the night-time, where the same care, accuracy, and promptness are neither contracted for or expected as in the day-time. A similar condition in insurance and freight contracts has been upheld by numerous decisions in this court and elsewhere, and would not now be questioned in such cases.

In *Trask v. State F. & M. Ins. Co.*, 29 Pa. St., 198, where immediate or reasonable notice was to be given, notice of *eleven* days was held unreasonable.

In *Lewis v. Great Western Railway Co.*, 5 Hurl. & N., 867, the condition was " that no claim for damages, etc., should be allowed unless made within *three* days from delivery; nor for loss, unless made within *seven* days of the time the goods should have been delivered; " and it was held that the time was just and reasonable. It is insisted by the learned counsel of the appellant, in his brief, that the question of the reasonableness · of this condition should have been submitted to the jury and not decided by the court as a question of law. What is a reasonable time in which an act is to be performed, when the contract is silent as to the time, may be a question of fact for the jury; but whether the time fixed by the contract in which an act is to be performed is reasonable as affecting the validity of the contract itself, is clearly a question of law. It would be as proper to submit to a jury the question whether a contract was valid within the statute of frauds, or void on grounds of public policy, or void *per se* on any other ground, or for being illegal, as the question whether the contract is void in itself because unreasonable or impossible.

It may be said further, in respect to the consideration

and reasonableness of this condition, in the language of the opinion in *Wolf v. W. U. Tel. Co., supra:* "But clearly it is not unreasonable that a telegraph company should require notice of claims for its defaults within a reasonable time, before being held to answer for the alleged default. From the nature of its business this may be essential to its protection against unfounded claims." "Another reason . . . is found in the multitude of messages transmitted, requiring a speedy knowledge of claims to enable the company to keep an account of its transactions, before, by reason of their great number, they cease to be within their recollection and control." It may be added that this was a night message, and of one-half rates, because of its not requiring repetition, and on account of its liability to mistake, error, or delay, and of the common uncertainty and greater labor of night work. A verdict for the price of the message was tendered by the defendant's counsel, and not refused by the plaintiff's counsel, and the court ordered a verdict for that amount.

*By the Court.*— The judgment of the county court is affirmed.