Opinion by
Will-son, J.
§ 41. Pleading; petition in action against telegraph company for failure to send message. The petition alleged that plaintiff delivered to defendant a dispatch, etc. This was a sufficient averment of the delivery of the dispatch. There is no rule of pleading which re- ■ quires the plaintiff, in a suit against a corporation, to allege the particular agent or employee of the corporation of whose act or omission he complains. It is sufficient to charge the corporation directly. The petition alleges that the dispatch was delivered to defendant for transmission, and that defendant undertook and promised to transmit the same. This was sufficient without alleging that the delivery of the dispatch was within office hours. It was alleged that “the defendant and its agents and employees were aware of the importance of the dispatch, and were informed of facts relating to its object, and the probable damage that would result from unreasonable delay and want of due care, and the damage which is sued for was within the contemplation of the plaintiffs and defendant.” The dispatch of itself being unintelligible, the foregoing allegation, that its nature and importance was made known at the time to appellant, is sufficient to entitle appellees to the actual damages claimed by them.
§ 42. Erroneous ruling upon pleading, not ground for reversal, when. Although the ruling of the court upon exceptions to pleadings may be erroneous, yet, if the. error has been cured in the charge of the court, so that it is apparent that no injury has resulted from such error, it will not be ground for a reversal of the judgment.
§ 43. Damages; measure of. Plaintiff delivered defendant for transmission a message ordering a car-load *41 of beer. The message was not transmitted, and the plaintiff had to purchase other beer in order to supply his customers. Held, that the proper measure of plaintiff’s damage was the difference between the cost of the beer at the place where it was to be delivered and the cost of that which was purchased by plaintiff to supply its absence.
§ 44. Claim for damages; estoppel. It is conceded that the message which is the subject of this controversy was written upon one of the company’s forms, which form contained a condition that the company would not in any case be liable for damages, where the claim therefor is not presented in writing within thirty days after sending the message. It is also conceded that this condition is valid. Within thirty days after delivering the message to appellant, appellees, by their attorneys, addressed a letter to L. C. Baker, superintendent of the company at St. Louis, notifying him that the message had not been transmitted, and claiming $200 as their actual damages, etc. Baker acknowledged the receipt of this letter and stated that the claim of appellees was being investigated, and as soon as the investigation was completed, they would be informed of the decision of the company. Held: It is not stipulated in the contract between the company and appellees, what should be the requisites of the written claim, but merely that their claim for damages should be in writing, and presented within thirty days after sending the message. The letter sent by the attorneys of appellees to Baker was received by the latter within the thirty days, and it stated the facts upon which appellees’ claim for damages was based, and conveyed specific information as to the nature of the claim. Baker did not object to the sufficiency of this claim in any respect, but, on the contrary, received it as a claim for investigation. This amounted to a waiver of any defects which there might have been in the form of the claim, and operates as an estoppel against the appellant, precluding it from questioning the sufficiency of *42 such claim. [Bishop on Contracts, §§ 657-663.] The cases of Young v. W. U. Tel. Co. 65 N. Y. 163; Wolf v. W. U. Tel. Co. 62 Penn. St. 83; and Express Co. v. Caldwell, 21 Wall. 264, cited by appellant’s counsel in support of their objections to the sufficiency of the claim for damages, are not, in the opinion of the court, applicable to the question presented in this case. In the case under consideration, the claim was presented to the proper officer of the company, within the time prescribed, and was not objected to upon any ground, but was held for investigation and action, with the promise that appellees should be informed of the decision of the company thereon.
§ 45. Toll for message; payment of. There was an agreement between plaintiffs and defendant that the toll for messages sent by plaintiffs should be payable monthly, and this agreement had been acted upon for some time prior to the delivery of the message in controversy. Held, that this agreement had the same legal effect as actual payment of the toll would have had, and that the company cannot be heard to complain in this action, that the toll for the message was not prepaid.
§ 46. Motion for new trial; misconduct of jury. One of the grounds set forth in appellant’s motion for a new trial was misconduct on the part of two of the j urors. One of the jurors charged with misconduct made an affidavit denying the charge. Held, the trial judge having heard the evidence upon this issue and determined against the motion, and he being in a position better enabling him to arrive at the truth of the issue than this court, his decision thereon will not be revised.
§ 47. Same. That one of the plaintiffs, during the progress of the trial, mingled with and talked to the jurors when they were out of the court room, and after the return of the verdict invited them to a saloon to drink liquors at his expense, which invitation was accepted, will not authoiize the granting a new trial, unless it were further shown that by these improprieties the *43 jury had probably been influenced to the injury of defendant’s rights.
November 1, 1883.
§ 48. Verdict; evidence held sufficient to support. Plaintiffs proved that they delivered the dispatch to appellant’s operator, who promised to transmit it at once; that by an agreement with the operator the toll for the message was to be charged, and collected at the end of the month; that the operator knew the business in which appellees were engaged, and was apprised of the object and nature of the message; that said message was not transmitted, and that by reason of the failure of the operator to send it, appellees had sustained actual damages amounting to $238.95, the same being the difference between the cost of the heer which would have been delivered to them had the dispatch been sent, and the cost of the beer which they had to purchase to supply the place of that ordered. The verdict awarded appellees $226.95 damages. Held, that this verdict was supported by the evidence.
Affirmed.