Opinion by
Willson, J.
§ 614. Damages in action against a telegraph company for failure to deliver a cipher dispatch; discussion of the question and the authorities; former decisions of this court overruled; case stated. Appellee, who was engaged in the business of peddling, on August 31,1883, delivered to appellant’s ágent at Houston, a telegraph message to be transmitted and delivered to P. Callaghan, at Kansas City, Mo., which was in the following words: “Twenty lumps, five looms, five buffs, five bucks.” This message was understood by appellee and Callaghan to mean that the latter, who was a merchant, should forward to appellee, at Houston, certain linen goods, which line of goods appellee was engaged in peddling. The message was never delivered to Callaghan. Appellee waited in Houston several days for the goods, and finally ordered them by telegram a second time and received them. By the non-delivery of his first message, he was delayed ten or eleven days in getting his goods, during which time he remained in Houston. He brought this suit to recover damages for the failure on the part of appellant to deliver said message, claiming damages generally in the sum of $125. In the justice’s court in which the suit was instituted he recovered judgment for $96.25 and costs. In the county court, to which the cause had been appealed by the company, he recovered judgment for $100 and all costs. Appellee testified, on the trial, that he remained in Houston ten or eleven days waiting for his goods, at. an expense of $5 per day; and that he was damaged $125, but did not specify any other damages than said expenses. This was all the evidence as to the damages sustained by him. It is plain that the message does not disclose its meaning except to the person to whom it was directed. It is in effect a cipher message, and did not, *563 upon its face, notify the company that it was of pecuniary value or importance. Such being the character of it, the rule laid down by perhaps the weight of authority, as to the measure of damage for failure to send or deliver such a message, seems to be, briefly stated, as follows: If the message itself does not show that it is of pecuniary value or importance, and the company has no notice of its value or importance from any other source, at the time it undertakes to transmit and deliver it, the sender can only recover nominal damages, or the amount paid for sending it. [3 Sutherland, Dam. 298, 299; 6 Wait’s Act. & Def. 19; Shields v. W. U. Tel. Co. Allen’s Tel. Cas. 5; Sedgwick on Dam. 413; Baldwin v. U. S. Tel. Co. 54 Barb. (N. Y.) 505; S. C. Allen’s Tel. Cas. 613; Candee v. W. U. Tel. Co. 34 Wis. 411.] This rule has been expressly recognized and adopted by the supreme court- of this state in Daniel v. W. U. Tel. Co. 61 Tex. 452, and in that case the doctrine of Hadley v. Baxendale, 9 Exch. 341, and of Baldwin v. U. S. Tel. Co. supra, is quoted and approved, and it is said that the limitation of the damages, as established by those decisions, “ must be held to apply with conclusive force to enigmatical cipher telegrams, the meaning of which is a sealed mystery to the operator.”
It is therefore the law of this state, as established by our supreme court, that in the case of a cipher telegram the sender can only recover, for .a failure to send or deliver, nominal damages, unless he alleges and proves that the company, at the time of receiving such telegram for transmission, had knowledge that it was of value and importance. And further, that although the company had knowledge of its value and importance, the damages will be limited to such as might fairly, reasonably, naturally and directly arise from the breach of the contract, according to the usual course of things; or such as may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of a breach of it. In other words, the *564 damages must be the natural and necessary consequences of the breach of the contract, in the minds of the parties, interpreting the contract in the light of the circumstances under which it was made. Damages arising specially or consequentially cannot be allowed, unless they are shown to have been reasonably within the contemplation of both parties when making the contract; that is, unless both parties, at that time, were informed of the facts which would render such damages probable in the event of a breach of the contract. This rule limiting damages in actions for breach of contract, unaccompanied by fraud, oppression or gross negligence, is undoubtedly the settled law of this state. [Jones v. George, 61 Tex. 345; Pac. Ex. Co. v. Darnell, 5 Tex. Law Rev. 73; W. & W. Con. Rep. §§ 193, 1002, 1034, 1125; ante, § 283.] This court, however, in the cases of W. U. Tel. Co. v. Weiting [W. & W. Con. Rep. § 801], and W. IT. Tel. Oo. v. Bertram & Mueller [id. § 1152], announced a more liberal rule upon the subject of damages, as applicable to the breach of contract by telegraph companies, and these cases are, in this particular, in conflict with' Daniel v. W. IT. Tel. Co. supra, which expressly declares that the general rule limiting damages on the breach of a contract is not only applicable in the case of telegraph companies, but applies with conclusive force where the message is in cipher. It is still the opinion of this court, that the rule as stated by it in the two cases named, is not only supported by good authority, but is more in consonance with reason and justice than the one declared in Hadley v. Baxendale, supra. But while this court has not changed its opinion as to the correctness of its said decisions, we conclude that, for the sake of avoiding conflict in the civil decisions of the courts of last resort in this state, and to preserve, as far as practicable, a uniform rule upon this subject, the said decisions of this court, in so far as they are in conflict with the Daniel case, should be overruled, and we therefore do now overrule the same. We will here also remark, that, in our *565 opinion, the breach of the contract in this case, and in the cases above overruled, was accompanied with or rather was the result of gross negligence on the part of the company, and such being the case, the rule limiting the damages to such as were actual, direct and proximate, is not applicable. But such was also the Daniel case. There the negligence was gross, and yet the restrictive rule was applied, and in holding as we do upon this point, in this case, we are but holding what we understand to be the law laid down in the Daniel case.
§ 645. Notice of value, etc., of message; what notice is sufficient. It was proved that appellant’s clerk was notified by appellee, at the time of delivering the enigmatical message for transmission, that it was an order for goods to be shipped to him at Houston, from Kansas City. There was a conflict of evidence upon this point; but we will take it for granted that the jury determined the question in favor of appellee. Considering it, therefore, as a fact, that appellant had notice, when it received the message for transmission, that it contained an order for goods, this was sufficient notice that it was of value and importance. It was not necessary that the company should have been apprised of the details of the transaction. It was its duty to inquire for particulars if it desired them. All that the law required to fix the liability of the company for actual damages resulting directly and proximately from the non-delivery of the message, was notice to the company, in a general way, of the business to which the message related, and the purpose to which it was intended to contribute. [3 Sutherland, Dam. 310, 311; Rittenhouse v. Tel. Co. 44 N. Y. 263; Candee v. Tel. Co. 34 Wis. 411.]
§ 646. Damages; special and consequential, not recoverable unless, etc. But while this notice was sufficient to fix the liability of the company for the actual, direct and proximate damages which might reasonably be supposed to have been in the minds of both parties at the time of making the contract, it would not be sufficient *566 to extend liability for any special, consequential damages resulting to appellee by reason of circumstances peculiar to his case, and about which the company was not informed at the time of the' contract, and could not have contemplated. Thus, the company was not informed that apj>ellee was a peddler, and wanted the goods he ordered for the purpose of carrying on the peddling business; and that he would have to remain in Houston, idle, and pay expenses of so remaining, until he received said goods. Ordinarily, such damages would not result from the breach of such a contract, and cannot, therefore, be said to be direct, natural and proximate; but are special and consequential, and such as are recoverable only where the party breaching the contract had notice, when he made the contract, of the facts which would render such damages reasonably probable in the event of a breach. Under the facts of this case, and the rules stated, appellee was not entitled to recover his expenses while remaining in Houston. He was entitled to recover the amount of money he necessarily expended in obtaining his goods, and the difference between the price he could have obtained them for in Kansas City at the time his message should have been delivered, and the price he afterwards Piad to pay for them, if there was any such difference, and interest upon such damages. These would be the only direct and proximate damages recoverable under the facts of this case, and the law, as we understand it to be declared. These damages were not proved. Appellee’s statement that he had been damaged $125, without stating the particulars of such damages, will not support the judgment. [W. & W. Con. Rep. § 861; ante, § 162.]
§ 647. Claim for damages; stipulation for notice of, in contract; institution of suit is not a sufficient. In the contract under which the message was received for transmission, it was stipulated that the company would not be liable for damages, unless the claim therefor in writing was presented to it within sixty days after sending the *567 message. This stipulation was valid and binding upon appellee. [Ante, § 44; Wolf v. Tel. Co. 62 Penn. St. 83; Young v. Tel. Co. 65 N. Y. 163; Herman v. Tel. Co. 57 Wis. 562.] It was not complied with by appellee, unless the institution of this suit, within the sixty days, was a compliance therewith. It was held by the trial judge that the suit was equivalent to a written claim for damages presented to the company. While this may be true, we do not think it was a compliance with the stipulation as to this action. This stipulation was a condition precedent to appellee’s right to recover any damages. Until he had performed it, he had no cause of action. [W. & W. Con. Rep. §§ 374, 1257; ante, §§ 136, 137, 446, 496.] At the time he instituted this suit, he had not performed it, and, therefore, no cause of action had accrued to him, and this suit is not maintainable. The institution of the suit, based upon a claim in writing for damages, which has been presented to the company, is a sufficient compliance with the stipulation to fix the liability of the company in another suit, or in this suit upon proper amendment and notice thereof; but the court erred in holding that such claim, made after the institution of the suit, was sufficient for the purpose of this suit. This was holding that the suit could precede the claim for damages, when the contract required that the claim for damages must precede the appellee’s right to sue. ’
March 14, 1885.
Reversed and remanded.