G. P. MASSENGALE ET AL., Appellants, v. WESTERN
UNION TELEGRAPH COMPANY, Respondent.

### April 7, 1885.

1. CONTRACTS — TELEGRAPH COMPANIES — LIMITATION OF LIABILITY.—
A telegraph company may, by contract, restrict its liability for
damages for the incorrect transmission of a message to such
claims for damage as are made in writing within thirty days after
the sending of the message.

2. WAIVER.—Under such a contract, the oral promise of a general agent
of the telegraph company to look into the matter, upon an oral
complaint made before the expiration of the thirty days, is not a
waiver of the condition of presentment in writing.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
Affirmed.

C. M. NAPTON, for the appellants: A telegraph
company is liable for an error in transmitting a dis-
patch, notwithstanding its blank contains a stipula-
tion that it will not be liable unless the message is
ordered repeated, unless it makes affirmative proof that
the error arose from causes beyond its control.—Tel. Co.
v. Tyler, 74 Ill. 168; Tyler v. Tel. Co. 60 Ill. 421. A
telegraph company cannot make for itself a statute of
limitations contravening the general law, unless it be one
that is reasonable, and whether it is reasonable will
depend on the facts of each case.—Russell v. Ins. Co.,
55 Mo. 585; Rice v. R. R., 66 Mo. 314.

E. T. ALLEN, for the respondent: The limitation
was reasonable, and will protect the company. — Waun
v. Telegraph Co., 37 Mo. 472; Ellis v. Telegraph Co.,
13 Allen 226.

LEWIS, P. J., delivered the opinion of the court.

The plaintiffs' agent at Selma, Alabama, sent to them
at St. Louis a telegraphic dispatch directing the ship-
ment of certain corn and flour to Selma. The message,
as delivered by the sender to the defendant corporation,

contained the word "sight," which, when it reached the plaintiffs, had become changed to the word "eight," by an error in substituting the letter *e* for the letter *s;* which substitution, it was admitted, had occurred in the transmission from Selma to Montgomery, a relay station on the route. The error caused a damage to the plaintiffs in the sum of $87.25, for which they sue. The circuit court, sitting as a jury, found for the defendant.

The dispatch was sent as a night message on January 12, 1882, and was delivered to the plaintiffs on the morning of the 13th. It was written by the sender on a blank furnished by the telegraph company, at the top of which were printed certain stipulations so framed as to constitute a contract between the customer and the company. Among these was one to the effect that "no claim for damages shall be valid unless presented in writing within thirty days after sending the message." The message was received on a printed blank containing the following: "This company transmits and delivers messages only on conditions limiting its liability, which have been assented to by the sender of the following message. * * * This message is an unrepeated message, and is delivered by request of the sender under the conditions named above." The plaintiffs' first claim in writing on the defendant was made on February 17, more than thirty days after the sending of the message. The only declaration of law was given by the court of its own motion to the effect following:

"If it appears from the evidence that on the twelfth day of January, 1882, H. H. Stewart was acting as agent of plaintiffs at Selma, in the state of Alabama, and as such agent on that day delivered to defendant to be sent to plaintiffs at St. Louis, Mo., a telegram, which, with the blank upon which it was written, read as follows: (Here is copied the entire form of the message, including all the printed terms of the contract, the written telegram, and the signatures of the officers of the corporation, and of the sender, as it was delivered to the defendant at Selma.)

"And, it further appeared ·from the evidence, that defendant on or about the 13th day of January, 1882, delivered to plaintiffs at St. Louis, the message, which, with with the blank upon which it was written, read as follows: (Here is copied the message, with the printed additions, as it was delivered to the plaintiffs in St. Louis.) And that either the said Stewart, or plaintiffs, knew of, or, by the exercise of reasonable care might have known of, the conditions under which said telegram was accepted by defendant from plaintiffs' said agent, and transmitted as aforesaid, viz: the conditions printed at the top of the original message, and referred to in ·print at ·the top of the message delivered to plaintiff, the finding should be for defendant, unless it further appears that the claim for damages made in this case was presented in writing to the defendant within thirty ·days after the 12th day of January, 1882, or that such presentation was waived by defendant."

The plaintiffs complain that the ·court did not give effect to the law of liability on the part of the telegraph company, for the consequences of its own negligence in the inaccurate transmission of dispatches. A carefully prepared argument from the facts is submitted, to show that the error in the message was a direct result of negligence in the defendant's employes, and not of any influence which the defendant was unable to foresee or to prevent. It is also shown from the authorities, that a telegraph company cannot exonerate itself by stipulation from a liability for negligence. But if all that is claimed in this connection be conceded, it cannot help the plaintiffs in the present case. The condition that claims for damages must be presented in writing within thirty days, is not a stipulation against liability for negligence. It implies that a liability may be incurred for negligence or other sufficient cause, but requires that the party who may assert it shall make known his demand within the specified time, or else be held as having waived it. Similar stipulations have been held good in numerous cases of telegraph compa-

nies, insurance companies, and common carriers.— *Wolf v. Telegraph Co.*, 62 Pa. St. 83, and cases there cited. It follows that, although negligence may have been fully established against the defendant, the plaintiffs may yet be barred of their recovery, by reason of their failure to make demand in writing at the proper time. By the instruction given, the whole case is made to turn upon this issue of fact. The same issue was determined by the trier upon competent testimony in favor of the defendant. There is therefore nothing proper for us to consider here, except the correctness in law of the rule declared by the instruction.

An agreement between parties to a contract, limiting a reasonable time within which a claim of damages may be preferred, is now universally held to be binding, on the strength of the maxim, *conventio vincit legem.* When a definite term is fixed, the question of its reasonableness is to be determined by the court. Where the only limitation is, that a thing shall be done within a reasonable time, it is proper for the jury to say what is a reasonable time, in the circumstances of the case. No precedent has denied that thirty days constitute a reasonable time, in cases similar to the present. So far from it, twenty days have been authoritively held sufficient.—*Heimann v. Telegraph Co.*, 57 Wis. 562.

But the plaintiffs insist that the question of reasonable time must be determined in each case by its particular circumstances. This is true only vith certain qualifications. There have been cases in which the party claiming damages could not possibly have been made aware of his loss until after it was too late to claim within the limited time. No case can be found, however, in which, where there was sufficient time left, after the discovery of the loss, for the claim to be presented within the limited period, the plaintiff was absolved from the effect of the limitation by the lateness of his discovery. In *Heimann v. Telegraph Company* (*supra*), it was held that: "A delay in receiving the message, though occasioned by a mistake of the company, would not modify the condition or

extend the time, if a reasonable time was left, after knowledge of the mistake, to present the claim." Said Orton, J.: "This principle is recognized in respect to limitation laws, as well as limitations of time in contracts, in cases too numerous to be cited. What the rule might be, where the whole time had elapsed before knowledge of the mistake or neglect, we need not consider.   *   *   *   * The time beyond that required to give the notice is an unused and neglected excess for such purpose, and can be of no possible advantage, without the intervention of unexpected or unnecessary conditions, against which no law or contract can provide."

In the case before us, the testimony for the plaintiffs tended to show that information of their loss reached them on the 5th day of February. This was only twenty-four days after the sending of the message. Instead of making a demand in writing within the ensuing six days, they permitted the time to pass in unsatisfactory oral interviews with the defendant's officers, and still delayed the presentation of their demand in writing, until the 17th, which was six days after the expiration of the term limited by their contract. If the officers had promised to pay the claim or expressly waived a writing, there might have arisen an estoppel in the plaintiffs' favor. But the officers said nothing more in effect, than that they would "look into the matter." Surely there cannot be found in these facts any "intervention of unexpected or unnecessary conditions, against which no law or contract can provide." There is in them a clear case of laches on the part of the plaintiffs, against which no court can protect them in its necessary outcome.

Finding no error in the record, we affirm the judgment, with the concurrence of all the judges.