GEORGE W. THOMPSON, Plaintiff in Error, v. THE CHICAGO & ALTON RAILROAD COMPANY, Defendant in Error.

### Kansas City Court of Appeals, May 24, 1886.

CARRIER—STIPULATION AS TO TIME OF BRINGING SUIT—PROMISE OF SETTLEMENT—CASE ADJUDGED.—Where it was stipulated between the shipper and the carrier, as in this case, among other things, that suit would be brought within sixty days next after any loss or damage should occur, or be thereafter forever barred, and that the lapse of time should be conclusive evidence against the validity of the claim in any action brought after that time, and the suit is not brought within the time stipulated. *Held*, that such stipulations in contracts do not contravene the policy of limitation by the statute. That when the time limited is specially named, the courts, as a matter of law, will say whether it be reasonable. That the time taken up by correspondence, in this case, does not relieve plaintiff of his obligation; and that twelve days remaining, after he discovered he could not settle, was a reasonable time in which he might have begun suit; and that plaintiff is barred from recovery by the terms of his own stipulation.

ERROR to Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Affirmed.*

The case is stated in the opinion.

E. B. GILL and C. W. CLARKE, for the plaintiff in error.

I. This limitation of the time for commencing suits for damages occasioned by the *negligence* of a carrier is unjust, unreasonable, and against public policy. Carriers cannot by contract limiting their common law liability—which they can do—exempt themselves from damages resulting from *their own negligence*. *Read v. Railroad*, 60 Mo. 199; *Rice v. Railroad*, 63 Mo. 314;

sect. 598, Rev. Stat. All limitations of liability must be reasonable and just. *Ry. Co. v. Lockwood*, 17 Wall. 357 ; *Bank of Kentucky v. Adams Express Co.*, 93 U. S. 174.

II. In suits on *contracts* the courts have upheld such limitations, but only where the parties were on an equal footing, and they were voluntarily entered into. *Riddlesbarger v. Hartford Insurance Co.*, 7 Wall. (U. S.) 390 ; *Glass v. Walker*, 66 Mo. 56 ; *Klein v. Insurance Co.*, 42 Mo. 38. But, in *this case*, the parties were not on an equal footing, for defendants refused to transport cattle *until this contract* was signed, which plaintiff did without reading it. *Railroad v. Lockwood*, 17 Wall. 379 ; *Express Company v. Caldwell*, 21 Wall. (U. S.) 266 ; *Oply v. Railroad*, 65 Mo. 334.

III. This is a suit *ex delicto*, and is to enforce a liability imposed by law on a common carrier. "The liability does not arise from a special contract, but in despite of it." *Clark v. Railroad*, 64 Mo. 440 ; Lawson on Carriers, 147 ; *Levering v. Trust Company*, 42 Mo. 88.

IV. Defendant promised settlement, and the delay caused by defendant should be excepted out of time. Plaintiff complied *substantially* with the stipulation as to time. *Rice v. Railroad*, 63 Mo. 322 ; *Hicks v. Insurance Co.*, 6 Mo. App. 254 ; *O'Connor v. Insurance Co.*, 31 Wis. 169 ; *Ayers v. Insurance Co.*, 17 Iowa 176 ; *Derrick v. Ins. Co.*, 74 Ill. 404.

V. The question of compliance and *waiver* is a question for the jury, and should have been submitted to them on the evidence. *Graves v. Insurance Co.*, 12 Allen (Mass.) 391 ; *Ry. Co. v. Stevens*, 95 U. S. 655.

VI. The court erred in sustaining the demurrer to the evidence, and thereby taking the case from the jury, and in rendering judgment for defendant. The contract was made in Kansas, and the modification of it at Kansas City, by a new and additional exemption from liability, was void, for want of consideration. *Railroad v. Rey-*

nolds, 17 Kas. 251; *Henning v. Insurance Co.*, 47 Mo. 431; *Bruce v. Beck*, 43 Mo. 266; *O'Bryan v. Kinney*, 74 Mo. 127; *Bostwick v. Railroad*, 45 N. Y. 712. There was no *limitation* of sixty days in the Kansas contract, and that in the Kansas City contract was *waived* by the promise that the claim should be "settled satisfactorily."

LATHROP & SMITH, for the defendant in error.

I.  Plaintiff still had ample time, after the negotiations for settlement had failed, to commence his suit within the period limited by the special contract, his home being but fifty-five miles from Kansas City, where he afterwards began his suit.

II.  The action was in form *ex contractu*, and the special contract under which the stock was shipped was not set out in the petition.

III.  The special contract not being pleaded, and the action sounding in contract, and the suit being barred by the very terms of the contract between the parties, the instruction given, the court holding the limitation valid, that the plaintiff could not recover, was right. *Clark v. Railroad*, 64 Mo. 440; Angell on Carriers, sects. 59, 60; *Davidson v. Graham*, 2 Ohio St. 131; *Camp v. Steamboat Co.*, 43 Conn. 333.

IV.  The limitation clause in the special contract is valid. *Riddlesbarger v. Insurance Co.*, 7 Wall. (U. S.) 386; *Railroad v. Lockwood*, 17 Wall. (U. S.) 357; *Express Co. v. Caldwell*, 21 Wall. (U. S.) 264; *Amesburg v. Insurance Co.*, 6 Gray (Mass.) 596; *Goggin v. Railroad*, 12 Kansas 416; *Brown v. Insurance Co.*, 24 Ga. 97; *Cole v. Co, Minn. S. A. & E. Corp. Cases*, 45; *Telegraph Co. v. Jones*, 95 Ind. 228; *Rice v. Railroad*, 63 Mo. 314; *Oxley v. Railroad*, 65 Mo. 229; *Dunn v. Railroad*, 68 Mo. 268; *Dawson v. Railroad*, 76 Mo. 514; *Railroad v. Cleary*, 77 Mo. 634; *Massengale v. Telegraph Co.*, 17 Mo. App. 257; *Potts v. Railroad*, 17 Mo. App. 394; *Loomis v. Railroad*, 17 Mo. App. 340; *Brown*

*v. Railroad,* 18 Mo. App. 568; *McBeath v. Railroad,* 20 Mo. App. 445.

V. The judgment should be affirmed, both upon principle and authority.

Ellison, J.—This is an action for damages sustained by plaintiff in the shipment of a lot of cattle.

The petition alleges "that, on the third day of April, 1883, at or about seven o'clock, p. m., of said day, he delivered to said defendant, already loaded into cars and in good condition for transportation, at Kansas City, Missouri, eleven cars of beef cattle, numbering in the aggregate one hundred and eighty-four head, and two cars of sheep, numbering about two hundred head, which the said defendant received and, by its agents and servants, then and there agreed, for a valuable consideration paid by said plaintiff to said defendant, to transport said stock as speedily as possible, and without unnecessary delay, to the city of Chicago, in the state of Illinois;" "that defendant failed to perform its contract in the shipping of said stock as it had agreed." The petition then assigned delay in transportation as the breach of defendant's contract of shipment, to plaintiff's damage in the sum of $1,650.60, for which judgment was prayed.

Defendant's answer, in addition to a general denial, contained five special defences, in the third of which it was alleged "that at the time it received said stock for shipment, written contracts were entered into between plaintiff and defendant for the transportation of the same, among the provisions of which was one requiring suit to be brought within sixty days next after any loss or damage should occur, or be thereafter forever barred, and the lapse of time should be conclusive evidence against the validity of the claim in any action begun thereon after that time." The answer then alleged the suit was not brought within the sixty days.

The reply to the new matter, relative to the special contract set up in the answer, alleged that plaintiff's

damages were caused by defendant's negligence, and that he did not sue in the first instance because of assurances from defendant that his claim would be settled ; that, as soon as he was notified that his claim would not be paid, he brought suit. The reply also pleaded want of consideration for the special contract.

The stock arrived at Chicago on April 8, and this suit was instituted June 29, 1883, eighty-two days thereafter. Plaintiff resides in Ottawa, Kansas, fifty-five miles from Kansas City, the place where this action was instituted.

At the close of the evidence in the court below, an instruction was given declaring that plaintiff could not recover, and he brings the case here by writ of error.

It is conceded that this action is brought twelve days after the expiration of the time limited by the contract, but plaintiff seeks by his reply to excuse himself from complying with the contract for the following reasons : (1) The damage was occasioned by the negligence of defendant. (2) That immediately after discovering his loss he presented his bill for damages to defendant's chief officers and was assured by them that it would be justly and amicably settled, and that he relied upon this until notified by defendant's officers it would not be paid, when he immediately brought this action. (3) That the contract aforesaid was *nudum pactum.*

Conceding the damage was occasioned by defendant's negligence, and admitting the well settled law that a carrier may not stipulate against his own negligence, yet these concessions do not aid plaintiff, for this is not a stipulation relieving defendant of negligence, but rather implying that it may be liable in this respect, and requiring an action to be instituted for such negligence, within a given time. The stipulation does not relieve defendant of any duty, but imposes one on plaintiff.

There is a question of fact involved in the second matter set up in the reply. The indisputable evidence is that plaintiff did not bring his action as soon as notified

that his claim was rejected, nor did he until twelve days thereafter. From the time of the loss until payment was finally refused, a correspondence between plaintiff and defendant's general superintendent intervened, in which plaintiff is assured that the claim was being investigated, and from conversations had with the adjusting officer, it was stated the writer felt quite sure the claim would be settled satisfactorily.

It is urged that the time covered by this correspondence should not be considered as a portion of the time limited by the contract. Questions of this nature have frequently been before the courts. Though many of the cases are on contracts wherein the time limited is as to giving notice of a claim of damages or loss; while the case before us limits the time for bringing the action itself, I can perceive no distinction in principle, though it has been suggested that the limitation by contract was against the policy of the statute of limitation, or limitation by law.

This suggestion was urged before the Supreme Court of the United States, in the case of *Riddlesbarger v. Hartford Insurance Company* (7 Wallace 386), and it was there decided that such stipulations in contracts did not contravene the policy of limitation by the statute, and that the notion arose from a misconception of the nature and object of such statutes.

When the time limited by contract is specially named the courts, as a matter of law, will say whether it be reasonable. If the limit is stated to be a reasonable time, the jury will say what period is reasonable, under the circumstances of the particular case. Five days has been held to be a reasonable time in which to limit a notice of loss, in the cases of *Dawson v. Railway Company*, 76 Mo. 514; *Brown v. Railway Company*, 18 Mo. App. 568, and *McBeath v. Railway Company*, 20 Mo. App. 445.

The fact that a portion of the period limited in the case was taken up by correspondence, does not relieve

the plaintiff of his obligation, for twelve days yet remained in which he might have instituted the suit. The evidence discovers no reason why he did not sue after receiving notice that his claim was rejected, and before the expiration of the sixty days. He lived within easy distance of the place where he in fact did, afterwards, bring the suit, and no reason suggests itself, save plaintiff's neglect, why he did not improve the time left him, after the notice.

In the case of *Heinman v. Western Union Telegraph Company* (57 Wis. 562), the time limited was thirty days, and seven of these had elapsed before the plaintiff knew of the delay in delivering the dispatch, yet it was held he must still have given his notice within the time limited in the contract.

So, in the case of *Messengale v. Western Union Telegraph Company* (17 Mo. App. 257), the limitation was thirty days, and twenty-four of these had passed before plaintiff became aware of his loss ; the court held he should have complied with his contract within the remaining six; and that a promise of the agent, made within the thirty days, to look into the claim would not alter the matter. Conceding plaintiff was justified in not bringing his action during the time of his negotiation for a settlement, yet the twelve days remaining, after he discovered he could not settle, was a reasonable time in which he might, and should, have begun his suit.

It was contended at the argument that this stipulation was without consideration, as the cattle were shipped from Ottawa, Kansas, under contract with defendant covering the full terms of shipment, and that this agreement was added at Kansas City, an intervening point. The difficulty with this is, that plaintiff's petition expressly alleges the shipment to have been made from Kansas City, under contract "then and there" made, of the cattle there delivered.

Discovering no error, we affirm the judgment. Hall, J., concurs ; Philips, P. J., concurs in the result.