WESTERN UNION TELEGRAPH COMPANY *v.* DOUGHERTY.

. Decided February 14th, 1891.

| 54 | 221 |
| f80 | 557 |
| 54 | 221 |
| 90 | 314 |

*Telegraph companies—Limitation of liability.*

A telegraph company may limit its liability by stipulating that "The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message."

APPEAL from *Jackson* Circuit Court.

JAMES W. BUTLER, Judge.

*U. M. & G. B. Rose* for appellant.

1.  The stipulation requiring demand to be made within sixty days was reasonable and valid.

The power to make reasonable regulations limiting their liability has been repeatedly recognized.    39 Ark., 148; 44 *id.*, 208; 46 *id.*, 236; 47 *id.*, 97; 50 *id.*, 397.    The only limitation is that the stipulation must be reasonable.    Greenhood, Pub. Policy, p. 505; 31 Pa. St., 448; 5 H. & N., 867; 21 Wall., 264; 51 Ind., 127; 54 Miss., 566; 76 Mo., 514; 62 Pa. St., 87; 34 N. Y. Sup. Ct., 390; 65 N. Y., 163; 95 Ind., 228; 33 Minn., 227; 57 Wisc., 562; 17 Mo. App., 275; 63 Tex., 27; 18 Pac. Rep., 34; Gray on Telegraphs, sec. 34, p. 62.

The appellee *pro se.*

Telegraph companies cannot by contract relieve themselves from liability for their negligence.    33 Fed. Rep., 632; 38 Kans., 679; 21 Pac. Rep., 339; 4 N. E. Rep., 784; 79 Me., 493; 44 Hun., 532.

HUGHES, J.    This is an appeal from a judgment for fifty dollars against the appellant in favor of appellee, to compensate him for damages sustained by the failure of appellant's servants to deliver a telegram sent by appellee from Newport to Clarendon, Ark.    There was printed upon the face of the blank form upon which the telegram was written these words:    " The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message."    The circuit court made the following declaration of law in the case:    " The condition in reference to delay in presenting claim has no application to a failure to deliver, caused by the negligence of defendant's agents."    The only controversy in the case is over the correctness of this declaration, and the solution of this depends upon the reasonableness and validity of the above stipulation on the blank of the telegraph company upon which the message was written by appellee's agent and sent over appellant's telegraph line.

Telegraph companies—Limitation of liability.    It has been several times held by this court that a common carrier may limit its liability by contract, though it cannot stipulate against its own negligence or the negli-

gence of its servants.   The question is not one of power or
right to make regulations, but of reasonableness of the reg-
ulations.   The stipulation that the company would not be
liable where the claim is not presented within sixty days
was an agreement of the plaintiff with the telegraph com-
pany, and was not in violation of any statute, and, if rea-
sonable and not against public policy, was binding upon
him.   We know of no principle of the common law that
would prohibit it.   It was not a contract to cover the negli-
gence of the telegraph company.   It was a stipulation
against the delay and neglect of the plaintiff in present-
ing his claim, and it does not appear unreasonable.   By
reason of the character of the business, and the great num-
ber of messages sent over the lines of a telegraph company,
and the importance of early information of claims to enable
the company to keep an account of its transactions, and the
impossibility of recalling them all and accounting for them
from memory after the lapse of a considerable period of
time, it does not appear that a stipulation that a claim for
damages should be presented in writing within sixty days
from the time the message is sent is unreasonable.   *Wolf* v.
*West. U. Tel. Co.*, 62 Pa. St., 87 ; *Young* v. *West. U. Tel.
Co.*, 65 N. Y., 163 ; *Cole* v. *West. U. Tel. Co.*, 33 Minn.,
227 ; *Heimann* v. *West. U. Tel. Co.*, 57 Wis., 562.

Such a condition is not only not a stipulation against the
negligence of the company, but it implies that a liability
may be incurred for negligence ; and it requires that one
who seeks to recover damages for such negligence shall
present his claim in writing within sixty days or be held to
have waived it.   "*Conventio vincit legem.*"   *Messengale* v.
*West. U. Tel. Co.*, 17 Mo. App., 257.   "When a definite
term is fixed, the question of its reasonableness is to be de-
termined by the court."   *Id.*   In the above case thirty days
was held to be a reasonable time.   And twenty days have
been held sufficient.

We know of no public policy that would be violated by
conceding to a competent person the right to make a rea-

sonable contract; and it is not unlawful for such a person to limit himself to less time than would be allowed by the statute of limitations, within which to assert his claim for damages for violation of a contract. Such a one may renounce a privilege allowed him by law, and such renunciation will bind him. It is said that " Statutes of limitation prohibit, not the limitation of actions, but the indefinite postponement of them." Greenhood on Public Policy, p. 505 ; *N. W. Ins. Co.* v. *Phœnix Oil Co.*, 31 Pa. St., 448; *Wolf* v. *West. Un. Tel. Co.*, 62 Pa. St., 87 ; *W. U. Tel. Co.* v. *Ranis*, 63 Tex., 27 ; see Gray on Telegraphs, p. 62.

The authorities are almost uniform in maintaining the reasonableness and validity of such a stipulation.

The third declaration of law made by the circuit court was erroneous for the reasons above indicated; wherefore the judgment is reversed, and the cause is remanded for a new trial.