COMMERCIAL CLUB OF THE CITY OF MITCHELL et al, Appellants, v. CHICAGO, MILWAUKEE & ST. PAUL COMPANY, et al, Respondents.

(170 N. W. 149).

(File No. 4371.   Opinion filed December 31, 1918.   Rehearing denied April 1, 1919.)

1.  **Railroads—Railroad Commissioners—Connecting Track Between Independent Lines, Petition For—Public Demand, Jurisdiction—State Traffic, Benefit To, As Basis for Connecting Track—Burden of Proof.**

In a proceeding before railway commissioners under a petition for construction of a connecting track between two independent lines of railway, held, that where the putting in of such connecting switch to facilitate transfer of cars from one road to another will benefit both state and interstate traffic, there is concurrent jurisdiction in state and federal authorities to order such connection; and if it sufficiently appears that there is a case of necessity for such connection, arising from benefits accruing to state traffic alone, the Board of Railroad Commissioners are warranted in ordering the connection put in: and the burden of proof is on the railroad company, upon appeal from such order, to show want of such necessity.   Following Wis. M. & Pa. R. R. Co. v. Jacobson, 71 Minn. 519, 40 L. R. A. 389.

2.  **Same—Railroad Commissioners—Connecting Tracks, Independent Lines—Continuous Demand Shown—Present Necessity, Evidence, Sufficiency.**

Where, upon undisputed evidence showing that there has existed a continuous demand for a connecting track between

its lines of railroad at a given station, that such demand exists at present and, in ordinary course of events will continue to exist and will increase in future, held, that findings of trial court, reversing finding of railroad commissioners that necessity therefor existed and ordering the track to be built, were unsupported by and contrary to practically all the evidence in the case.

3. Same—Connecting Track, Petition For—Insufficient Prospective Income From Operation Of, How Far Controlling—Public Benefit As Factor.

While it is impossible to ascertain in advance what the income derived from operation of a connecting track between two independent lines will be, this is not the sole matter to be considered. Railroads are created and maintained for benefit of, and should be so operated as to be of greatest benefit to, the public.

4. Carriers—Connecting Track, Necessity For—Reasonable Profit From Operation, State and Federal Commissioners' Duty to Fix Profitable Rates—Rule—Connecting Track as Part of Equipment.

Owners and operators of railroads are entitled to reasonable profit for their operation, including that of a petitioned-for connecting track between two independent lines; and it is the duty of Railroad Commissioners and the Interstate Commerce Commission to fix rates that will produce a reasonable profit. Such connecting track becomes part of the regular railway equipment, and cost of its construction and operation should be considered in preparation of rate schedules.

5. Same—Railroad Commissioners—Connecting Track, Petition For Construction of—Enforcement of Railroad Commissioners' Order, War Emergency Act As Affecting.

Notwithstanding affirmance by Supreme Court of an order of the Railroad Commissioners for construction of a connecting track between two independent lines of railways, yet, in view of the United States Government having assumed through the War Emergency Act control and management of roads involved, as well as material and labor necessary for construction and extension thereof, such order cannot be enforced without consent of the Government; pending which federal control no attempt by the Court to enforce said order should or will be made.

Appeal from Circuit Court, Minnehaha County. HON. JOSEPH W. JONES, Judge.

Proceeding by Commercial Club of the City of Mitchell and others, as complainants, before the Board of Railroad Commissioners, of the State of South Dakota, for construction of a connecting track between the Chicago, Milwaukee & St. Paul Rail-

way Company lines and the Chicago, St. Paul, Minneapolis and Omaha Railway Company, being defendant lines, at Mitchell, S. D. From an order of the Railroad Commissioners ordering defendants to construct and operate such track, they appealed to Circuit Court, where a trial was had resulting in an order and judgment setting aside the order of the Railroad Commissioners; from which order and judgment of the Circuit Court the complainant and the Board of Railroad Commissioners appealed. Reversed.

W. H. Herbert, for Complainants and Appellants.

Oliver E. Sweet, Assistant Attorney General, for Appellant Board of Railroad Commissioners.

J. L. Kennedy, and Porter & Grantham, for Respondents.

(1) To point one of the opinion, re jurisdiction, Appellants cited:

Seaboard Air Line Ry. Co. v. Railroad Commission of Georgia, 240 U. S. 328; International & G. N. Ry. Co. v. R. R. Com. of Texas, 89 S. W. 961.

Re, under of proof, Appellants cited:

Louisville & N. R. Co. v. Behlmer, 175 U. S. 648.

(2) To point two, Appellants cited:

Grand Trunk Ry. Co. v. Michigan R. Com., 231 U. S. 457; State v. C. B. & Q. R. Co., 118 Pac. 872; State ex rel. Railroad & Warehouse Commission of Minnesota v. Willmar & S. F. Ry. Co. et al (Minn.), 93 N. W. 112; Wisconsin M. & P. Ry. Co. v. Jacobson, 179 U. S. 287, affirming same case in 71 Minn. 519; 74 N. W. 893; 40 L. R. A. 389; In re Merrit Mfg. Co., P. U. R. 1915F, p. 360.

POLLEY, J.   This action was instituted by the Commercial Club of the city of Mitchell. A petition was filed with the state Board of Railroad Commissioners, asking that board to compel the defendants to construct and maintain a track connecting the two lines of railroad at that place, so that cars from one line of road could be switched to the other. The defendant Chicago, Milwaukee & St. Paul Railway Company, known as the Milwaukee road, operates two lines or branches of road through the city of Mitchell, one of which enters that city from the northwest and extends in a southerly direction therefrom and the other enters from the southeast and extends westerly. The defendant Chicago,

St. Paul, Minneapolis & Omaha Railroad Company, known as the Omaha road, has one line which enters Mitchell from the east and there terminates, but does not extend far enough to intersect the track of the Milwaukee road. The result is that freight can be shipped through this place from points on one line of road to points on the other only by being unloaded and carted across the city a distance of something like a mile and reloaded into cars on the other road. Mitchell is a city of about 8,000 inhabitants, and is a distributing point of some importance. Within the city limits, along the tracks of the respective lines of railroad are situated certain warehouses, manufacturing establishments, and industrial plants of one kind and another, to and from which various commodities are shipped in considerable quantities, but, under existing conditions, in order that establishments situated on one line of railroad can ship freight in or out over the other road, it must be carted across the city of Mitchell. This, of course, necessitates considerable expense, much delay, and often damage to the particular commodity that is being shipped, all of which would be obviated by construction and operation of a connecting track.

As a further result of the present condition, freight in many cases cannot be shipped from a point on one line of railroad to a point on the other, unless it is either unloaded in Mitchell on the tracks of one road and carted to the tracks of the other road to be reloaded, or shipped around by a circuitous route to some point where there is a connecting track and from there to its destination on the other road; as, for instance, if a carload of freight were shipped from Betts, a point on the Milwaukee road some 10 miles west of Mitchell, to Riverside, a point on the Omaha road some 10 miles east of Mitchell, it would either have to be unloaded at Mitchell and carted to the Omaha track and reloaded, or it would have to be shipped to Canton, thence to Sioux Falls, where it could be transferred to the Omaha road, and then shipped back to Riverside, a distance in all of some 200 miles.

Defendants filed separate answers to the petition, and a hearing was had by the Board of Railroad Commissioners. A large amount of evidence was taken, and the Railroad Commissioners, upon such evidence, found as a fact that there was a public demand and a public necessity for a connecting track as prayed for by the petitioners, and ordered defendants to construct and operate

such track. From this order defendants appealed to the circuit court, where a trial was had, and on the evidence taken by the Board of Railroad Commissioners, the circuit court found as follows:

"That there is no public demand or public necessity for a track connection between the Chicago, Milwaukee & St. Paul Railway Company's lines and the lines of the Chicago, St. Paul, Minneapolis & Omaha Railway Company at Mitchell, S. D., and no demand therefor, except by those occupying industrial and warehouse sites along the right of way of the said companies at Mitchell."

—and vacated the order of the Board of Railroad Commissioners. From this judgment, plaintiffs and the Board of Railroad Commissioners appeal to this court.

[1] The circumstances involved in this case are very similar to the circumstances involved in Jacobson v. Wisconsin, M. & P. R. R. Co., 71 Minn. 519, 74 N. W. 893, 40 L. R. A. 389, 70 Am. St. Rep. 358; Wisconsin, M. & P. R. Co. v. Jacobson, 179 U. S. 289, 21 Sup. Ct. 115, 45 L. Ed. 194. And all the legal propositions involved in this case are disposed of by the opinion in that case.

[2] Defendants admit the correctness of the rule announced in the Jacobson Case, but contend that the facts in this case do not bring it within the rule announced in that case. A review of the evidence in detail would be of no special benefit, but, in our opinion, such evidence fully supports the conclusion reached by the Board of Railroad Commissioners. The undisputed evidence shows that there has existed a continuous demand for a connecting track between the two lines of railroad at Mitchell, that such demand exists at present, and, in the ordinary course of events, will continue to exist and to increase in the future.

[3, 4] It is contended by the defendants that the switching charges and other income to be derived from the operation of such connecting track would not be sufficient to pay a reasonable return on the capital necessary to purchase the right of way and construct and operate such track. It is not possible to ascertain in advance what the income would be from the operation of such connecting track, nor is this, by any means, the sole matter to be taken into consideration. Railroads are created and maintained

by the public and for the benefit of the public, and should be so operated as to be of the greatest benefit to the public. Their owners and operators are entitled to a reasonable profit for their operation, and it is the duty of the Railroad Commissioners and the Interstate Commerce Commission to fix rates that will produce a reasonable profit. A connecting track like the one involved in this case, when installed and put into operation, becomes a part of the regular equipment of the railroad, and cost of construction and operation should be taken into consideration in the preparation of rate schedules. The finding of fact made by the circuit court above set out is not only unsupported by the evidence, but is contrary to practically all the evidence in the case, and the judgment of the circuit court should be reversed.

[5] Defendants have called our attention to a matter not properly in the record, but of which the court will take notice: As a war emergency act, the United States government has assumed control and management of most of the railroads of the country, including those involved in this case, as well as the material and labor necessary for the construction and extension thereof. So long as this condition exists, the order of the Board of Railroad Commissioners cannot be enforced without the consent of the government, and, so long as this condition exists, an attempt by this court to enforce such order would be futile.

The judgment and order appealed from will be reversed, but the Board of Railroad Commissioners are directed to withhold further action in the matter during such time as the government retains control of the railroads, unless the consent of the government to the making of the improvement involved be procured.

## ON REHEARING.

PER CURIAM: This case is before us on petition for rehearing. The opinion of the court will be found in 170 N. W. 149. Both parties are seeking for a rehearing. The defendants base their petition on the ground that the facts, as they appear from the record, do not warrant the conclusion reached by the court. We are fully satisfied with the opinion as it is, so far as the facts in the case are concerned.

The petition of the plaintiff calls our attention to the matters set forth in the last two paragraphs of the opinion, and asks that said paragraphs be eliminated. The request should be granted.

This is an appeal from an order of the Board of Railroad Commissioners, directing the doing of certain acts, and not an appeal from a judgment enforcing such order, and the enforcement of the order is not an issue at this time.

The last two paragraphs of the opinion as published are withdrawn and wholly eliminated, but a rehearing is unnecessary, and both petitioners are denied.