ARKANSAS CENTRAL RAILROAD COMPANY v. WALKER.

Opinion delivered November 21, 1921.

1.  EVIDENCE—JUDICIAL NOTICE.—The courts take judicial notice of the fact that in August, 1919, the railroads were being operated by the United States through its agent.

2.  RAILROADS—OPERATION BY UNITED STATES—NEGLIGENCE.—During the time in which the United States operated the railroads, the corporations which owned them were not liable for their negligent operation.

3.  CARRIERS—FAILURE TO FURNISH CAR FOR SHIPPING CATTLE.—
    Evidence *held* to sustain a finding that defendant carrier was
    negligent in failing to furnish a car for shipment of plaintiff's
    cattle.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; reversed and affirmed.

*Thos. B. Pryor,* for appellants.

The court will take judicial knowledge of the fact that at the time of the accrual of plaintiff's cause of action the government was in charge and operating the railroads of the country. 167 N. W. Rep. 59; 170 N. W. Rep. 149; § 206, par. "A" of Act of Congress, February 28, 1920.

*Robt. J. White,* for appellee.

WOOD, J. The appellee instituted this action against the appellants. He alleged, in substance, that the appellant, Arkansas Central Railroad Company, at the time of the filing of the complaint, was under the direction of the agent of railroads for the United States; that the Fort Smith, Subiaco & Eastern Railroad Company was operated in connection with the Arkansas Central Railroad Company; that it was the practice of those roads for shippers of live-stock to order stock cars for destination out of this State from the Arkansas Central through the agent of the Fort Smith, Subiaco & Eastern Railroad Company at its station of Scranton, Arkansas; that on the 18th day of August, 1919, the appellee so ordered two stock cars; one in which to ship cattle and the other to ship hogs. The shipments were to be made to Kansas City, Missouri; that the agent at Scranton placed the order for the cars with the agent of the Arkansas Central Railroad at Paris and was assured by the agent at Paris that the cars would be ordered immediately; that on the 22nd day of August, 1919, the appellee was notified by the agent of the Fort Smith, Subiaco & Eastern Railroad at Scranton that one of the cars in which to ship the hogs had arrived at Scranton, and that the other had arrived at Paris; that the appellee had notified the agent at Scranton to

notify the agent at Paris that appellee desired to ship both the car of cattle and the car of hogs at the same time and on the same train. The appellee was assured by the agent at Scranton that the cars were ready for appellee's use. That, relying upon this assurance, on the morning of the 23rd of August, 1919, appellee loaded his hogs into the car at Scranton to be shipped out in the afternoon and drove his cattle to Paris to be shipped out by the same train on which the hogs were being shipped; that, on arriving at Paris with his cattle, he was informed by the agent there that no car had been ordered for him for his cattle; that appellee immediately placed another order for a cattle car and when his car of hogs reached Paris he was compelled to unload same and await the arrival of the cattle car; that the delay caused damage to the appellee by shrinkage in value of his cattle and hogs and by the loss of part of his hogs and one cow in the sum of $689.25, for which he asked judgment.

The appellant answered, denying all the allegations of the complaint as to the liability of the appellants. The trial resulted in a verdict in appellee's favor in the sum of $400 against the appellants. Judgment was rendered for that sum in favor of the appellee against appellants, from which is this appeal.

The complaint alleged, and the court will take judicial knowledge, that at the time of the accrual of the appellee's cause of action the appellant railroad was being operated by the United States Government through its agent, John Barton Payne, Director General of Railroads. *Marshall* v. *Bush,* 167 N. W. 59; *Commercial Club* v. *C., M. & St. P. R. Co.,* 170 N. W. 149. Therefore, no cause of action is alleged or proved against the appellant company under the provisions of the acts of Congress August 29, 1916, and February 28, 1920, as construed by the Supreme Court of the United States in *Missouri Pacific Railway Co.* v. *Ault,* 41 Sup. Ct. Rep. 593. The court, therefore, should have instruct-

ed the jury to return a verdict in favor of the appellant company, and should have entered a judgment dismissing the cause of action as to it.

The allegations of the appellee's complaint show that his cause of action was grounded upon the alleged neglect of the agents of the Director General of Railroads having charge of the operation of the Arkansas Central Railroad at Paris, Arkansas, to have a car ready for the shipment of appellee's cattle when the car of hogs to be shipped over the same train reached Paris from Scranton. On the issue as to the liability of the appellant, Director General of Railroads, there was testimony tending to sustain the allegations of appellee's complaint. There was testimony tending to prove that it was the custom of shippers of live-stock who desired to ship same from Scranton to foreign markets to order cars from the agent of the appellant company at Paris. When shippers at Scranton desired cars, they would make requisition orally for same of the agent there, and he would in turn make requisition of the agent of the appellant company at Paris. This custom was pursued in the present case, and there was testimony tending to prove that the station agent at Paris was notified by the appellee that he desired a car for the shipment of cattle and also a car for the shipment of hogs on the 23rd of August, 1919; that he desired to ship this stock through on the same train; that he prepared to make the shipment in this way, giving the reason why it was necessary for him to do so in order to conserve his interests, and that the agent at Paris promised to furnish the cars; that he drove his cattle to Paris for the purpose of making shipment on the same train that the hogs were on, and when he demanded the car for his cattle at Paris he was informed by the agent that no car had been ordered for him, and the agent told the appellee to let the hogs go forward and to pasture the cattle until he could order and get a car for them. The appellee then enters into detail

giving the circumstances as to the loss of his stock and the resultant damages caused by his failure to get the car for the shipment of his cattle.

It could serve no useful purpose as a precedent to set out at length and discuss this testimony. It suffices to say that on this issue there was substantial testimony to sustain the allegations of appellee's complaint and to warrant a verdict for the sum returned by the jury in his favor. The issue as to the liability of the appellant, Director General of Railroads, for a failure to furnish cars was submitted to the jury under correct instructions. The judgment as to the Director General is therefore affirmed. As to the railroad company, the judgment is reversed and the cause dismissed.