BARRETT *v.* GRAND RAPIDS VENEER WORKS.

1. BREACH OF CONTRACT—DAMAGES—LOSS OF PROFITS.

    The profits lost to a mill owner by reason of a failure to comply with an agreement to supply him with logs to be manufactured into lumber at a fixed price are not, as a matter of law, so speculative as to preclude a recovery.

2. SAME—QUESTION FOR JURY.

    Whether, in consideration of the alleged limited capacity of the mill, the uncertainty of the cost of labor and repairs, and the delays arising from breakage, the mill owner would have derived a profit from his contract, is, upon conflicting evidence, a question for the jury.

Error to Kent; Adsit, J. Submitted June 5, 1896. Decided June 30, 1896.

*Assumpsit* by Ervin E. Barrett against the Grand Rapids Veneer Works for the breach of a contract to stock plaintiff's mill. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Walbridge & McAllister* (*Fedewa & Walbridge*, of counsel), for appellant.

*Taggart, Knappen & Denison*, for appellee.

HOOKER, J.   The trial court directed a verdict for the defendant in this cause, upon the ground that the damages claimed were speculative, and therefore not recoverable.   The parties made a written contract, by which the plaintiff promised to erect a mill upon the defendant's land, and manufacture the timber thereon into lumber and shingles, of good merchantable quality; defendant undertaking to provide the logs and bolts at the mill, and to pay certain prices, fixed by the contract, for the plaintiff's services.

Counsel for the defendant insist that the case should be ruled by the case of *Talcott* v. *Crippen*, 52 Mich. 633. But that case should be read in the light of *Leonard* v. *Beaudry*, 68 Mich. 312, and *Fell* v. *Newberry*, 106 Mich. 542, cases much like the present one.   Both of these cases hold that, where a plaintiff has a contract with the defendant for manufacturing goods for him at a fixed price, the loss of profits is ascertainable by deducting the reasonable cost of manufacture.   Such a case is unlike one where the plaintiff must stock his mill, and sell the product in the market.   If there is uncertainty in this case beyond that in the case of *Fell* v. *Newberry*, it is in the alleged inability of the mill to cut a sufficient quantity to earn a profit, considering the uncertainty of the cost of labor and repairs and delay arising from breakage.   It is said that it was incapable of performing good work, that it frequently broke down, did not do good work, and, in short, ran at a loss while it ran.   But these things were disputed, and whether the plaintiff would, or would not, have been able to make a profit from his contract, was a question for the jury to determine, as in *Fell* v. *Newberry*.   We think that the evidence upon this subject is

not so conclusive as to justify the court in taking the case from the jury.

The judgment is therefore reversed, and a new trial ordered.

LONG, C. J., MONTGOMERY and MOORE, JJ., concurred with HOOKER, J.

GRANT, J. The case is within *Fell* v. *Newberry*, 106 Mich. 542, and I therefore concur.