## WALBRIDGE *v.* BARRETT.

1. Attorney and Client — Action for Services — Premature Commencement.

Plaintiff, an attorney, agreed to perform certain services for defendant in and about a suit at law, for which he was to receive no pay until a judgment was obtained and the case settled.   After judgment in the client's favor, the money was placed by the adverse party in the hands of attorneys, to be paid over to the judgment creditor.   A dispute having arisen meantime over the amount of plaintiff's claim, he brought suit.   *Held*, that it was not premature.

118 Mich.—28.

2. SAME—COMPENSATION CONTINGENT ON SUCCESS.

The fact that services rendered by an attorney under an agreement to charge what they are actually worth are performed with the further understanding that, unless he recovers judgment in his client's favor, he is to receive no compensation at all, has no bearing in determining the amount to which he is entitled if successful.

3. SAME—ATTEMPTED SETTLEMENT—HEARSAY.

Evidence tending to show that an attorney, before bringing suit against a client for professional services, attempted to bring about an adjustment of their differences, is inadmissible in such suit; and the introduction of proof, as tending to show such attempted adjustment, of the declarations, brought home to the client by the plaintiff, of the judge in whose court the services were rendered, that the attorney ought to have half of the judgment recovered before him as compensation for his services, is prejudicial error.

4. EVIDENCE—OFFER OF JUDGMENT—WITNESSES.

A defendant who has testified, on cross-examination, that he never tendered a certain amount in court, cannot be shown an unaccepted written offer of judgment, and asked if he ever made an offer of such amount, since such a proceeding places the writing before the jury as effectually as if it were read in evidence, in contravention of 2 How. Stat. § 7372, which provides that such an offer, if unaccepted, is to be deemed withdrawn, and "cannot be given in evidence."

5. SAME—ATTORNEY'S SERVICES—VALUE—INSTRUCTIONS.

Refusing an instruction, in an action by an attorney against his client to recover for services rendered, that the opinions of lawyers who testified as to the value of the services are not conclusive, is erroneous, where there was other evidence bearing upon the question of such value. *Wood* v. *Barker*, 49 Mich. 295, distinguished.

Error to superior court of Grand Rapids; Burlingame, J. Submitted October 5, 1898. Decided November 1, 1898.

*Assumpsit* by Edward L. Walbridge and James T. McAllister against Ervin E. Barrett for services as attorneys at law. From a judgment for plaintiffs, defendant brings error. Reversed.

*Bundy & Travis*, for appellant.

*J. Byron Judkins* (*Henry E. Walbridge*, of counsel), for appellees.

GRANT, C. J.   Plaintiffs are attorneys, bringing suit to recover for their services rendered for defendant in and about a suit brought by him against the Grand Rapids Veneer Works.   Defendant was defeated in that suit in the circuit court, appealed it to this court, and obtained a reversal.   *Barrett* v. *Grand Rapids Veneer Works*, 110 Mich. 6.   The case was again tried in the circuit, resulting in a verdict and judgment for plaintiff for $6,198.40, and costs, taxed at $646.   Defendant disputed plaintiffs' claim, and this suit followed.   Plaintiffs obtained a verdict and judgment for $1,130.50.   The testimony, so far as is material, will be stated in connection with the points determined.

1. Defendant requested the court to direct a verdict for him, on the ground that the action was prematurely brought.   This request was based upon the contract for services as stated by plaintiffs,—that they were to receive no pay for their services until a judgment was obtained and the case settled.   A settlement of the case was made on May 17, 1897, and a check of the veneer company for the amount given to its attorneys, to be paid to Mr. Barrett.   Meanwhile the dispute arose over the amount of plaintiffs' claim for services.   Plaintiffs had employed other attorneys, and were endeavoring to obtain the money.   Under these circumstances, the request was properly refused.

2. There was evidence tending to show that plaintiffs refused to take the case upon commission, but agreed to charge nothing unless they obtained a judgment, and, if they obtained a judgment, were to receive what their services were worth.   Several witnesses were asked to state what would be a reasonable charge for plaintiffs' services, rendered "with the express understanding, that, unless they finally recovered judgment in the case, they were to

get nothing." This testimony was incompetent. They agreed to charge what their services were worth. They were worth no more and no less because of the agreement to charge nothing unless they were successful. A carpenter or plumber or machinist who agrees to do a certain piece of work upon the agreement that, if he does not accomplish the purpose in view, he shall receive nothing, but, if he does, he is to receive what his services are worth, can recover no more than their actual worth. The value of his services is not enhanced or lessened by the contingency. An agreement made by a lawyer stands upon no different basis.

3. The case of Barrett against the veneering company was tried before Judge Adsit. Plaintiff Walbridge was permitted to testify that he told Barrett that Judge Adsit had told Mr. McAllister that plaintiffs ought to have half of the judgment as a compensation. The sole ground upon which plaintiffs defend the competency of this evidence is that they had a right to show what inducement and influence they had used with defendant to bring about an adjustment without litigation. We cannot concur in this view. It was immaterial what efforts had been made to adjust their differences. The attempt had failed, and · the sole questions were, What was the agreement, and how much were their services worth? The opinion of the judge who tried the case, though hearsay, might have great influence with the jury.

4. On cross-examination defendant testified that the balance due the plaintiffs was about $350. He was asked if he had not claimed it to be $526. He replied that he had not, and denied that he had ever tendered "that amount in court." Plaintiffs' counsel then handed him a written offer of judgment filed in the case, made under 2 How. Stat. § 7372, which provides: "If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in evidence," and asked if he ever made them an offer of $526. After objection and exception the witness replied: "Under certain circum-

stances, I did; yes, sir." The offer was not read to the jury, and counsel offered it to contradict his statement that he had never tendered that amount in court. The entire subject was brought out upon cross-examination. The jury must have understood that this was a written offer, and contained the tender of the amount. It was as effectually before the jury, and just as damaging, as though the written document had been offered in evidence. It was clearly incompetent.

5. Some attorneys testified as experts to the value of plaintiffs' services. Defendant requested the court to charge:

" You are the judges of the value of plaintiffs' services. The opinions of the lawyers who have testified as to such value are not conclusive, but merely advisory. If you find it necessary in this case to pass upon the question of the value of any of the services, you, as jurors, must use your own judgment in determining such value, taking into consideration all the evidence in the case bearing thereon."

The court refused this request, and instructed the jury that they must determine from the sworn evidence in the case how much was justly due. Had there been no testimony of the value of plaintiffs' services aside from that of the attorneys, the case would undoubtedly have been ruled by *Wood* v. *Barker*, 49 Mich. 295; but there was other evidence bearing upon the value of the services. Bills had been rendered amounting to less than that claimed upon the trial. There were conversations between plaintiffs and defendant, and also agreements for *per diem* charges. The bill of exceptions which plaintiffs had prepared was in evidence, together with their statement of the time spent in preparing it. Under these circumstances, the rule in *Wood* v. *Barker* was not applicable, and the court should have instructed the jury that the opinions of the attorneys were not conclusive. 2 Jones, Ev. § 389; *Moore* v. *Ellis*, 89 Wis. 108; *Johnson* v. *Railroad Co.*, 37 Minn. 519.

6. Mr. H. E. Walbridge, an attorney, and brother of plaintiff Walbridge, had assisted upon the first trial and in preparing the case for the Supreme Court. Defendant had negotiations with him in regard to assisting and taking the main management at the second trial. These negotiations fell through. Mr. H. E. Walbridge was permitted to testify to these negotiations, and to produce certain letters passing between him and defendant. They had no relevancy to the issue involved in this case, and should have been excluded. They contained statements which might have prejudiced the defendant. It was competent for Mr. Walbridge to testify to the time spent in preparing and trying the case, his knowledge of what plaintiffs did, and give his opinion of the value of the services.

Other objections are raised, but we find no error in them. Judgment reversed, and new trial ordered.

The other Justices concurred.