JOHAN F. GREVE vs. WOOD–HARMON COMPANY.

Norfolk.   January 12, 1899. — March 2, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Trespass on Land — Action — Offer of Judgment.*

An action for breaking and entering the plaintiff's close cannot be maintained by one who is not in possession of the land, and who is merely the assignee of an agreement by trustees to convey the land when the last instalment of the price should be paid, time being declared to be of the essence of the contract, against the agent and manager for the trustees; and evidence that, after the land was conveyed to the plaintiff, several men dug and carried off gravel from the land in blue wagons, and that the defendant's wagons were .dark blue, is insufficient to warrant a verdict against him; and an offer of judgment does not affect the case.

TORT, for breaking and entering the plaintiff's close in Quincy, and removing a quantity of gravel, sand, loam, and earth. Writ dated April 15, 1897. Trial in the Superior Court, before *Dunbar, J.*, who allowed a bill of exceptions, in substance as follows.

On January 8, 1898, the defendant filed an offer of judgment, in accordance with Pub. Sts. c. 167, § 65, consenting to be defaulted, and to pay the plaintiff the sum of one hundred dollars, and duly notified the plaintiff thereof.

The plaintiff introduced evidence tending to prove that, in the months of May and June, 1895, the defendant took, carried away, and converted to its own use a large quantity of gravel, sand, loam, and earth, constituting part of the lots of land described in the declaration.

One Kennedy, a witness called by the plaintiff, testified that, in April or May, 1896, she saw several men on two different days digging upon one of the lots, and carrying off the earth, gravel, etc. in wagons drawn by horses; and that she did not know their names, nor for whom they were working, but that the wagons which they used were painted blue. Reuben C. Clark, a witness called by the plaintiff, testified that he was familiar with the wagons of the defendant, and that they were painted dark blue. The plaintiff testified that, when he brought

the matter to the attention of the defendant, it denied any knowledge of or responsibility for such removal.

The plaintiff introduced in evidence an agreement for the sale of the lots in question between John H. Storer and others, trustees, who then held the legal title, and F. W. Thomas, dated April 18, 1892, and also an assignment by Thomas to the plaintiff, under the name of John F. Greve, dated September 14, 1893. This agreement provided for the payment of the price in weekly instalments, and that upon the full payment of the price the premises should be conveyed, and recited that time was of the " essence of this contract." This assignment was held by the plaintiff from the time of its date, and he made regular payments under the terms of the agreement, without any default on his part, and paid the full amount.

The plaintiff also introduced in evidence a deed of the lots, duly signed, executed, acknowledged, and recorded, from John H. Storer and others, trustees, to the plaintiff, dated February 21, 1896, which deed was delivered to and received by him on the day of its date.

It also appeared in evidence, offered on behalf of the plaintiff, that John H. Storer and others, trustees, made and entered into an agreement with the defendant on or about March 10, 1892, by the terms of which the defendant was to be the exclusive selling agent for such trustees of a large tract of land at Norfolk Downs, Quincy, including the two lots in question; and that the land was to be laid out, plotted, developed, managed, advertised, and offered for sale on behalf of the trustees by the defendant as such agent, with power to sell on the instalment plan. The defendant agreed to save harmless the trustees and their property from all expenses or damages arising from any and all injuries, or actions for injury, to any person or property on such tract of land.

All the payments for the lots were made to the defendant by the plaintiff, or by the plaintiff's assignor, Thomas.

The plaintiff testified that he had never leased the premises to the defendant, nor to any one else; that he had never given the defendant, or any one else, permission to remove earth, gravel, sand, or loam from the premises; that he had no knowledge or information until after the deed was delivered to and

accepted by him that any trespasses had been committed upon the land prior to the delivery of the deed, and after he took the assignment from Thomas; and that from the year 1892 to the time of the trial he had resided in Boston.

At the conclusion of the plaintiff's evidence, the judge ruled that the action could not be maintained; and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*J. H. Sherburne & C. Reno,* for the plaintiff.

*J. H. Colby & E. A. Bayley,* for the defendant.

HOLMES, J. There was no evidence of the plaintiff's possession, or right of possession, before February 21, 1896, when the land was conveyed to him, and no evidence of any trespass by the defendant afterwards. Before the date mentioned, the plaintiff was merely assignee of an agreement by trustees to convey the land when the last instalment of the price should be paid, time being declared to be of the essence of the contract. The defendant was agent and manager for the trustees, and the plaintiff could not complain, at least in this form, if the defendant did enter and remove the soil. After the date, the only evidence was that several men dug and carried off gravel in blue wagons, and that the defendant's wagons were dark blue. Even when taken in connection with previous lawful acts of the defendant, this seems to us too little to make it safe to infer that it was guilty of unlawful acts, and to allow a verdict against it.

The offer of judgment did not affect the case. It was not a pleading, and by Pub. Sts. c. 167, § 76, it was not evidence.