## MISSOURI PACIFIC RAILROAD COMPANY *v.* STEIN.

### Opinion delivered December 17, 1923.

1. RAILROADS—NEGLIGENCE DURING FEDERAL CONTROL.—No liability for negligence arising out of the operation of a railroad while under Federal control is imposed on the owner company, and an action for damages therefor cannot be maintained against it for a cause of action arising out of operation while under such control.

2. CARRIERS—STATEMENTS OF AGENT OF CONNECTING CARRIER.—Where plaintiff delivered a box of goods to the Director General of Railroads, but misdirected it, and the box was found after the railroads were returned to the owners, neither conversations between the agents of the carrier in whose custody it was found and the plaintiff, nor the fact that defendant's claim agent asked plaintiff what he wished done about forwarding the goods, made defendant liable.

3. CARRIERS—MISDIRECTION OF SHIPMENT—LIABILITY.—Where, during Federal control of defendant railroad, plaintiff made a shipment of goods over defendant's road but misdirected them, and, after the railroads were returned to their owners, a connecting carrier found them, but never relinquished possession to defendant, and on plaintiff's refusal to pay freight charges, sold them for nonpayment of the freight charges, defendant was not guilty of negligence, nor liable.

4. COMPROMISE—ADMISSIBILITY OF OFFER.—An offer of compromise, made, while denying liability, did not create any liability.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara*, Judge; reversed.

### STATEMENT OF FACTS.

Benno Stein, doing business as Stein Wholesale Dry Goods Company, brought this suit against the Missouri Pacific Railroad Company and James C. Davis, Agent of the United States Government, under the Transportation Act of 1920, to recover damages for the alleged loss of a box of dry goods of the value of $620.48.

The Missouri Pacific Railroad Company denied liability on the ground that the damage occurred while the railroad company was being operated by the Director General of Railroads under authority of an act of Congress. The agent of the United States under the Transportation Act of 1920 denied liability on the ground that the damage to the goods, if any, occurred on account of the negligence of the plaintiff.

On the 24th day of January, 1920, the plaintiff delivered to the Director General of Railroads a box of dry goods which he intended to ship to "B. E. Loving, Allen, Oklahoma." At that time all the railroads in the United States, including the railroad of the Missouri Pacific Railroad Company and that of the Kansas City Southern Railroad Company, were operated by the United States. The plaintiff, instead of marking the box of dry goods, "B. E. Loving, Allen, Oklahoma," as he intended to do, marked it "B. E. Loving, Loving, Oklahoma." Loving, Oklahoma, is not situated on a railroad, and the nearest railroad station to it is Bates, a station on the railroad of the Kansas City Southern Railroad Company. The Director General of Railroads caused the box of dry goods to be transported to Bates, Ark., and the agent of the Kansas City Southern Railroad Company at that point mailed the written notice of its arrival to "B. E. Loving, Loving, Oklahoma." No one came for the box of dry goods, and on March 1, 1920,

when the railroads of the United States were returned to their owners, the box of dry goods was on hand in the station of the Kansas City Southern Railroad Company at Bates, Ark., and was turned over to that company by the agent of the United States.

On March 24, 1920, the plaintiff filed a claim for the loss of the box of goods in question with the freight claim agent of the Missouri Pacific Railroad Company. Some time in April, 1920, an agent of the Kansas City Southern Railroad Company saw the box of dry goods in question at its station at Bates, Ark. It was marked "B. E. Loving, Loving, Oklahoma." The box was opened, and the marks or brands on the goods indicated that the shipper was the plaintiff, doing business at Fort Smith, Ark., and that the box of goods was intended to be shipped to "B. E. Loving, Allen, Oklahoma." The agent of the Kansas City Southern Railroad Company went to Fort Smith and talked with Benno Stein. Mr. Stein did not tell him to have the box shipped to B. E. Loving, Allen, Okla. He stated that he had filed a claim for it against the Missouri Pacific Railroad Company and was going to get his money from that railroad company. He said that he would not have anything to do with the box. Subsequently the Kansas City Southern Railroad Company sold the box of goods for the payment of the freight charges. His testimony in regard to finding the box of dry goods in question at Bates, Ark., was corroborated by other employees of the Kansas City Southern Railroad Company.

According to the testimony of Benno Stein and Hiram Mincer, the assistant manager of his firm, they told the representative of the Kansas City Southern Railway Company to ship the goods to "B. E. Loving, Allen, Oklahoma" when they were informed that the box of dry goods was in Bates, Ark., in the possession of the Kansas City Southern Railroad Company. Various letters which passed between the plaintiff and T. S.

Walton, freight claim agent of the Missouri Pacific Railroad Company, were introduced in evidence, and will be stated or referred to more particularly in a discussion of that branch of the case in our opinion.

The jury returned a verdict in favor of the agent of the President, but against the defendant, Missouri Pacific Railroad Company, in the sum of $620.48, with the accrued interest. Judgment was entered on this verdict against the Missouri Pacific Railroad Company.

The plaintiff filed a motion for a new trial against the agent of the United States Government, which the court granted, and that cause is still pending in the circuit court. This appeal is prosecuted alone by the Missouri Pacific Railroad Company to reverse the judgment against it.

*Thos. B. Pryor* and *Vincent M. Miles,* for appellant.

The court should have directed a verdict for defendant. The company was not liable for any act of the agent of the Government in the operation of the railroads. 256 U. S. 554.

*I. J. Friedman* and *Daniel Hon,* for appellee.

HART, J., (after stating the facts). It appears from the record that the cause of action arose out of the operation of the railroad of the Missouri Pacific Railroad Company by the Director General of Railroads under the Federal Control Act. Therefore it is claimed by the railroad company that it is not liable for the alleged negligence and consequent damage.

It is now finally settled by a decision of the Supreme Court of the United States, which this court has followed, that no liability for negligence arising out of the operation of a railroad by the Director General under the Federal Control Act is imposed upon the owner company, and that an action for damages therefor cannot be maintained against it for a cause of action arising out of the operation of the property of the railroad company under governmental supervision. *Mo. Pac. Rd. Co.*

v. *Ault,* 256 U. S. 554, and *Ark. Cent. Rd. Co.* v. *Walker,* 150 Ark. 514.

It is contended by counsel for the plaintiff, however, that the railroad company is estopped by its conduct from denying liability. It appears that, after the United States returned the railroads to their owners, the plaintiff filed a claim of loss for the box of dry goods in question with T. S. Walton, freight claim agent of the Missouri Pacific Railroad Company, and that the plaintiff and Walton carried on a correspondence about the claim for about a year. In April, 1920, the agents of the Kansas City Southern Railroad Company discovered a box of dry goods at its station at Bates, Ark., marked "B. E. Loving, Loving, Oklahoma." When the box was opened the marks or brands on the goods indicated that the plaintiff was the shipper. The claim agent of the Kansas City Southern Railroad Company went to Fort Smith and talked with the plaintiff about the box, and told him that it was at Bates, Ark. The claim agent says that the plaintiff told him that he would have nothing to do with the matter, because he had already filed a claim of loss with the Missouri Pacific Railroad Company and looked to that company for the payment of the box of goods.

On the other hand, the plaintiff and the assistant manager of the plaintiff's firm testified that they told the claim agent of the Kansas City Southern Railroad Company that the goods should be shipped to "B. E. Loving, Allen, Oklahoma," and that he would doubtless receive them. In this connection it may be stated that the conversation between the plaintiff and the claim agent of the Kansas City Southern Railroad Company could not in any manner create liability on the part of the Missouri Pacific Railroad Company where none existed before.

But it is insisted by counsel for the plaintiff that the Missouri Pacific Railroad Company is liable under a letter written by its claim agent to the plaintiff on May 21, 1920. In this letter the plaintiff is informed that the

railroad company is in receipt of information from the Kansas City Southern Railroad Company that the box of goods in question was at its station at Bates, Ark., having arrived there on February 1, 1920, marked "B. E. Loving, Loving, Oklahoma." The letter concludes with the following: "Advise what disposition you wish made of this shipment as promptly as possible." On May 24, 1920, the plaintiff answered this letter, and the answer states that the plaintiff had already been informed by a representative of the Kansas City Southern Railroad Company that the box had been located, and that the plaintiff had instructed that railroad company to forward the box to its proper destination. The box was never forwarded by the Kansas City Southern Railroad Company, and never came into the possession of the Missouri Pacific Railroad Company after the United States returned the railroads to their owners. The mere fact that the claim agent of the Missouri Pacific Railroad Company asked the plaintiff what he wished to be done about forwarding the box would not make it liable for the damages which had been suffered by the negligence of the servants of the United States while the railroad was being operated under the Federal Control Act. If the Missouri Pacific Railroad Company had received the goods on its line of railroad and then refused to forward them to their proper destination, there would have been liability on this account. The undisputed facts, however, show that the possession of the goods was never relinquished by the Kansas City Southern Railroad Company. That company refused to forward the goods, or to deliver them to the plaintiff or anyone else, unless the plaintiff would pay the freight charges. This the plaintiff refused to do, and the goods were sold by the Kansas City Southern Railroad Company for the nonpayment of the freight charges. The Missouri Pacific Railroad Company, under these circumstances, was in no wise guilty of negligence in the premises, and there was nothing in its conduct to create liability

on its part. There was an offer of compromise made by the claim agent of the Missouri Pacific Railroad Company, but the letter also carried with it a denial of liability. We do not think that the mere fact that the Missouri Pacific Railroad Company endeavored to trace the misdirected box of goods and to adjust a claim of loss therefor would create liability on its part.

Therefore, under the undisputed facts as they appear in this record, there was no liability on the part of the Missouri Pacific Railroad Company, and the circuit court should have instructed a verdict in its favor.

For the error in refusing to direct a verdict in favor of the defendant the judgment will be reversed, and the cause remanded for a new trial.