WESTERN UNION TELEGRAPH COMPANY *v.* CHAPPELLE.

Opinion delivered November 18, 1929.

426

*Elmer L. Lincoln* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*DuLaney & Steel,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that, since the telegram erroneously transmitted was an interstate message, there is no liability on its part, since no claim for damages for its erroneous transmission was made in writing within 60 days after it was filed for transmission. It is true that no claim for the damages suffered because of the negligent transmission of the message was presented the appellant company in writing within 60 days after the message was filed for transmission, but it is also true that the appellee had no knowledge or information that the message had not been correctly transmitted, as it was the duty of the appellant company to do, until he went to collect the reduced rent, when due from his tenant, as fixed by him in the message filed and agreed to be paid by the reply thereto, and there was no

intimation of any mistake made in the transmission of the message in the reply thereto received, nor any cause for appellee's making an investigation to ascertain whether appellant company had transmitted correctly the message filed with it, as was its duty to do. Although it is not claimed that appellant company did anything to mislead the appellee, or that it was through its fault that appellee had no information or did not know of the incorrect transmission of the message until the 60 days had passed, but only that appellee is held to a literal application of the 60-day rule of filing his claim for damages, regardless of the fact that he had no intimation that his message had been incorrectly transmitted, resulting in his damage, until after the 60 days for making claim therefor had expired. Having duly received a reply to his message accepting its terms, without any indication therefrom of any mistake made in its transmission, and having no information of any circumstances that might lead a reasonable person to believe that such was the case and make investigation to determine it, he was not bound by the rule to present his claim in writing within 60 days after the filing of the telegram with the company for transmission.

We think a proper interpretation of this rule would allow a reasonable time for presentation of the claim for damages after the fact became known, nor do we understand that it has been held otherwise in *Western Union Telegraph Co.* v. *Czizek*, 264 U. S. 281, 44 S. Ct. 328, or in any other of the Supreme Court's decisions relied upon by appellant, as contended. The claim was presented in writing immediately upon ascertainment of the fact of the incorrect transmission of the message and the suit brought shortly thereafter, and, under the circumstances, we hold that it was presented within a reasonable time, and that appellee's claim is not barred by his failure to comply with the literal terms of the 60-day rule.

The appellant company was the agent of the appellee in transmitting his message making the reduction

in the rent, and he was bound by the mistake made in its transmission or by the terms in which it was delivered to the sendee, and he could not compel the payment of a greater sum than he had agreed in such message to accept for the rent. *Des Arc Oil Mill Co.* v. *Western Union Tel. Co.*, 132 Ark. 335, 201 S. W. 273, 6 A. L. R. 1081.

The testimony of Rae, the tenant, that he would have accepted the reduction and paid the amount of rental as correctly designated in the telegram filed, was not incompetent. He had already agreed and was bound to the payment of a greater amount for rent, and there was nothing unreasonable in his saying that he would have paid the amount designated, and his refusal to pay more than the amount he agreed to pay by accepting the terms of the telegram as erroneously delivered is in no wise contradictory thereof or inconsistent therewith.

We find no error in the record, and the judgment is affirmed.