GEYER *v.* WESTERN UNION TELEGRAPH COMPANY.

4-4278

Opinion delivered April 13, 1936.

*Quillin & Quillin,* for appellant.

*Francis R. Stack* and *W. C. Rodgers,* for appellee.

MEHAFFY, J. This is an action for damages brought by the appellant against the appellee. The appellant alleged that she was the sister of Walter Leslie Francis, who died on May 20, 1935, and that her sister, Cora Tumbleson, sent the following message to her: "Cincinnati, Ohio, May 20, 1935.

"Anna Geyer, Mena, Arkansas.

"Leslie died funeral Manchester Friday 2 P. M.

"Cora."

It is alleged that the appellee negligently and carelessly delivered said telegram to her in Mena, Polk County, Arkansas, in the following form: "Cincinnati, Ohio, May 20, 1935.

"Anna Geyer, Mena, Arkansas.

"Leslie died suddenly Manchester Friday 2 P. M.

"Cora."

Funeral services were held for Walter Leslie Francis and his body was buried at Manchester, Ohio, on Friday, May 24, 1935. Appellant then alleges the affection between herself and brother, and that solely by reason of the negligent act of appellee in altering and delivering said message to her in Mena, Arkansas, she was prevented from and denied the privilege of attending the funeral; that except for the negligence of appellee she would have attended. She alleges that as a result of the negligence of appellee she suffered great shock, illness, physical pain and nervousness to her damage in the sum of $2,900; that her nervousness and physical illness was produced solely by the negligence of appellee, and that she was compelled to employ physicians to treat her. She also alleges her physical condition prior to the message, and subsequent thereto, and that she was compelled to incur the expense of $75.

The appellee, without admitting liability, offered to confess judgment in the sum of $5, which offer was refused by appellant. The appellee thereupon filed the following demurrer: "Comes the defendant herein and

demurs to the complaint of the plaintiff in this action, and for reasons, says:

"1. The complaint does not state facts sufficient to constitute a cause of action as to the $2,900 claimed by plaintiff. 2. The complaint does not state facts sufficient to constitute a cause of action as to the item of $75 claimed. 3. The complaint does not state facts sufficient to constitute a cause of action, except for nominal damages not exceeding $5."

The trial court sustained the demurrer. The appellant declined to plead further, and the action was dismissed. The appellant prosecutes this appeal to reverse the judgment of the circuit court.

It is contended by the appellant that the pleading filed by the appellee, although called a demurrer, was not in fact such, and that we must look to the substance rather than to the name, and that a pleading is treated according to what its substance shows it to be, regardless of what it is called. This is true, but it is also true that pleadings under the code are liberally construed, and every reasonable intendment is indulged in behalf of the pleader. *Holcomb* v. *American Surety Co.*, 184 Ark. 449, 42 S. W. (2d) 765.

While the complaint was not paragraphed, yet there was one count for $2,900 and one for $75. It was manifestly the intention of the appellee to demur separately to each of these counts, and we think the court correctly treated the pleading filed as a demurrer.

Appellee correctly states that its offer of compromise, or offer to confess judgment, should not be deemed to be an admission of the cause of action, or the amount to which plaintiff is entitled, nor be given in evidence on the trial. *Bates* v. *Blocher,* 175 Ark. 891, 1 S. W. (2d) 11.

It is also contended by the appellee that the change in the message could not have misled appellant, and that the message, as delivered to appellant, substituting the word "suddenly" for the word "funeral," could not have meant anything but that his funeral would be at Manchester. The message as delivered to appellant was that he died suddenly, Manchester, 2 P. M. We think any rea-

sonable interpretation of this message would be that he died suddenly at Manchester on Friday at 2 P. M., and there was nothing to indicate that his funeral would be Friday, but the presumption would be that he died suddenly at Manchester, and that his funeral had already been held.

Appellee cites and relies on the case of *Peay* v. *Western Union Tel. Co.*, 64 Ark. 538, 43 S. W. 965. The court said in that case: "It will be borne in mind that the damages claimed in this action are alleged to have been caused by breach of contract. In a majority of instances the breach of a contract merely causes disappointment, annoyance, and more or less mental trouble or distress. But it would be an unwarranted stretch of the law, in our opinion, to hold that for mental anguish caused by violation of a contract merely, damages could be recovered in an action at law. We do not think that damages for mental pain and suffering alone, can be measured by any practical or just rule." Appellee also cites and relies on *Spade* v. *Lynn & B. R. Co.*, 168 Mass. 285, 47 N. E. 88. In that case a recovery was sought for fright, and the court held that no recovery could be had for such physical injuries as may be caused solely by such mental disturbance.

It may be conceded that there are numerous authorities which hold that under the common law no recovery can be had for mental anguish or fright caused by mere negligence, and some authorities hold that if the physical pain and bodily injury follows as a sequel to the mental anguish, no recovery can be had. The general rule seems to be that no recovery can be had under the common-law for fright or mental anguish caused by mere negligence, but that for wilful conduct causing fright or mental anguish, a recovery may be had.

The important question in this case is whether there can be a recovery, or rather whether a recovery is prohibited, by reason of the fact that this was an interstate message. Numerous authorities are referred to by appellee, but we will not undertake to discuss them all. One of the cases argued is *Western Union Tel. Co.* v. *Brown*,

234 U. S. 542, 34 S. Ct. 955. In that case the message was delivered to the company in South Carolina, and addressed to the plaintiff in Washington, D. C. The court said: "It is established as the law of this court that when a person recovers in one jurisdiction for a tort committed in another, he does so on the ground of an obligation incurred at the place of the tort, that accompanies the person of the defendant elsewhere, and that is not only the ground, but the measure of the maximum recovery."

The general rule is that one must recover in a tort action under the law of the place where the tort was committed, and in the instant case the complaint alleges that the change in the message substituting "suddenly" for "funeral" was at Mena, Arkansas. In other words, it is alleged that a tort was committed in Arkansas, and suit was brought in Arkansas. Therefore the tort action must be tried under the laws of Arkansas. In the Brown case, *supra,* the court, after deciding the case holding that one could not go beyond the jurisdiction of the State and recover under a statute creating liability in another State, or jurisdiction, said: "What we have said is enough to dispose of the case. But the act also is objectionable in its aspect of an attempt to regulate commerce among the States. That is, as construed, it attempts to determine the conduct required of the telegraph company in transmitting a message from one State to another, or to this district, by determining the consequences of not pursuing such conduct, and in that way encounters *Western Union Telegraph Co.* v. *Pendleton,* 122 U. S. 347, 7 S. Ct. 1126, a decision in no way qualified by *Western Union Tel. Co.* v. *Commercial Milling Co.,* 218 U. S. 406, 31 S. Ct. 59."

In the Pendleton case, *supra,* it was shown that there was an attempt by Indiana to regulate the mode in which messages sent by telegraphic companies doing business in her limits, shall be delivered in other States, and the court said this could not be upheld. In other words, in that case it was held that Indiana could not regulate the mode in which messages were delivered in Texas. The

court also said: "Undoubtedly under the reserve powers of the State which are designated under the somewhat ambiguous term of 'police powers,' regulations may be prescribed by the State for the good order, peace and protection of the community." In other cases cited in the Brown case, that is *Western Union Tel. Co.* v. *Commercial Milling Company*, the court said: "And there can be liability to the sender of the message as well as to him who is to receive it. The telegraph company in the case at bar surely owed the obligation to the milling company to not only transmit the message, but to deliver it. For the failure of the latter it sought to limit its responsibility, to make the measure of its default, not the full and natural consequence of the breach of its obligation, but the mere price of the service, relieving itself, to some extent, even from the performance of its duty, a duty, we may say, if performed or omitted, may have consequence beyond the damage in the particular case. This the statute of the State, expressing the policy of the State, declares shall not be. For the reasons stated we may think this may be done, and it is not an illegal interference of interstate commerce."

The case of *Southern Express Co.* v. *Byers*, 240 U. S. 612, 36 S. Ct. 410, was a suit for mental anguish occasioned by failure promptly to deliver a casket, etc. The court said: "The action is based upon a claim for mental suffering only, nothing else was set up and the proof discloses no other injury for which compensation had not been made. In such circumstances as those presented here the long-recognized common-law rule permitted no recovery; the decisions to this effect rest upon the elementary principle that mere mental pain and anxiety are too vague for legal redress where no injury is done to person, property, health or reputation."

Courts generally hold that there can be no recovery for mental anguish alone, caused by mere negligence. But so far as we know, no court has held that interstate transportation or transmission companies are relieved from liability for a tort committed in the State where suit is brought. Neither the interstate commerce act,

nor any other act, so far as we know, undertakes to relieve wrongdoers from the consequences of their wrongful conduct resulting in damages to others.

The complaint in this case does not ask damages for mental anguish or fright. It is expressly stated that the wrongful conduct took place in Mena, Arkansas, and that it resulted in physical pain and injury, and in the necessary expenditure of money. We have held that in determining whether a demurrer to a complaint should be sustained, every allegation made therein, together with every inference reasonably deducible therefrom, must be considered. *Texarkana Spec. Sch. Dist.* v. *Ritchie Grocer Co.,* 183 Ark. 881, 39 S. W. (2d) 289; *Harnwell* v. *Arkansas Rice Growers Co-op. Assn.,* 169 Ark. 622, 276 S. W. 371; *Driesbach* v. *Beckham,* 178 Ark. 816, 12 S. W. (2d) 408; *Wright* v. *Lake,* 178 Ark. 1184, 13 S. W. (2d) 826.

Our conclusion is that the complaint states a cause of action. The judgment is reversed, and the cause is remanded with direction to overrule the demurrer, and proceed with the trial of the cause.

McHaney and Baker, JJ., dissent.