WESTERN UNION TELEGRAPH COMPANY *v.* GEYER.

4-4600

Opinion delivered April 12, 1937.

*Francis R. Stark, W. C. Rodgers* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Quillin & Quillin,* for appellee.

SMITH, J. A former appeal in this case was from the order and judgment of the court sustaining a demurrer to the complaint. That judgment was reversed, and upon the remand of the cause testimony was heard and the case fully developed, and from a judgment in favor of the plaintiff is this appeal. *Geyer* v. *Western Union Telegraph Co.*, 192 Ark. 578, 93 S. W. (2d) 660.

The testimony of the plaintiff was to the effect that Mrs. Cora Tumbleson, on May 20, 1935, sent a telegram from Cincinnati, Ohio, to plaintiff, who is her sister residing at Mena, Arkansas, advising that their brother Leslie had died and that his funeral would be held in Manchester, on Friday at 2 p. m. The telegram as received contained the advice only that the brother, Leslie, had died suddenly, and contained no information as to the time or place of the funeral. The telegram as sent and as received is set out in the former opinion. Through this error, plaintiff suffered a nervous shock, to compensate which a judgment for $1,500 was rendered in her favor.

Numerous questions are raised and discussed in the briefs, but, as we find that the testimony as to the failure to give notice to the telegraph company is decisive of the case, we pretermit a discussion of the other questions.

The telegram was received for transmission on one of the blanks provided by the telegraph company for that purpose. Upon the reverse side of this blank there is printed the statement that "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

The validity of this limitation was first upheld in the case of *Western Union Telegraph Co.* v. *Dougherty*, 54 Ark. 221, 15 S. W. 468, 11 L. R. A. 102, 26 Am. St. Rep. 33, where, in so holding, the following reason was given therefor: "By reason of the character of the business, and the great number of messages sent over the lines of a telegraph company, and the importance of early information of claims to enable the company

to keep an account of its transactions, and the impossibility of recalling them all and accounting for them from memory after the lapse of a considerable period of time, it does not appear that a stipulation that a claim for damages should be presented in writing within sixty days from the time the message is sent is unreasonable. (Citing cases.)"

That holding has since been consistently followed and reaffirmed in numerous decisions of this court cited in the briefs of counsel. Decisions by the Supreme Court of the United States and other courts to the same effect are also cited. The only exception which appears to have been made by this or any other court is that if the plaintiff, through no fault of his own, is ignorant of the fact that the message was not delivered or was incorrectly transmitted until after the lapse of the sixty days he will have a reasonable time in which to bring suit after learning of the company's default. *Western Union Telegraph Co.* v. *Chappelle,* 180 Ark. 422, 21 S. W. (2d) 964, 66 A. L. R. 195, is such a case. That case, however, like all the others on the subject, recognizes the validity of the sixty-day clause, but the plaintiff was there excused from noncompliance for the following reasons stated in a headnote in that case: "Where a claim for damages for a mistake in transmission of a telegram was presented in writing immediately after the sender learned of the mistake, and suit was brought shortly thereafter, the claim was presented within a reasonable time, and was not barred by the sender's failure to present the claim within 60 days after the message was filed for transmission."

No claim for damages was ever presented to the telegraph company by the plaintiff in the instant case and the suit was not begun until September 25, 1935. Appellee relies upon the case of *Western Union Telegraph Co.* v. *Chappelle, supra,* to excuse her failure to comply with the 60-day clause set out above.

The exception there announced does not apply in this case. Appellee testified in part as follows: "I got the telegram or word that she sent me message on Monday, the 20th of May. The 28th is when I got message that she sent telegram like it should be. I did not know

telegram was not right until the 28th of May and I knew it was not her fault."

Appellee attempts to explain this admission by saying that she did not receive a copy of the telegram until September 12th, and that she did not know its exact language prior to that date, and that she filed suit within a reasonable time after being so advised. Even so, she admitted knowing what the mistake was, and that she had that information not later than May 28th, and that she did not, within sixty days of that date, present a claim or file a suit. The essence of this case—the basis of it—is that the telegram, as delivered, did not contain the information which would have been furnished had it been correctly transmitted, to-wit: that her brother was dead and would be buried in Manchester on Friday at 2 p. m. But she admitted having knowledge of this error in transmission—the knowledge upon which the claim would have been based—as early as May 28th, and thereafter failed to present a claim as required by the sixty-day clause, and thus give the telegraph company an opportunity to investigate, which the Daugherty case, *supra,* said it was entitled to have for the reasons there stated.

It follows, therefore, that the judgment must be reversed, and, as the case has been fully developed, it will be dismissed. It is so ordered.