PHILIP W. LARABEE and another[1] *vs.* POTVIN LUMBER
COMPANY, INC.

Berkshire.  November 5, 1982. — January 28, 1983.

Present: HALE, C.J., GRANT, & SMITH, JJ.

*Trespass. Real Property,* Removal of timber. *Assignment.*

A written instrument, executed by the sellers of a tract of land providing,
in unambiguous language, for an assignment to the buyers of all of the
sellers' rights existing "by reason of" a contract between them and a
lumber company for the sale of certain standing timber on the land,
could not be construed to include an assignment of the sellers' right to
recover damages from the company under G. L. c. 242, § 7, for the
unlicensed cutting of other standing timber which was not included
under the contract. [226-228]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 8, 1978.

The case was heard by *Alberti,* J.

*Robert I. Manuel* for the defendant.

*Cecil Driver* for the plaintiffs.

SMITH, J.  The plaintiffs, owners of a tract of land in Wil-
liamstown, brought this action seeking damages and an in-
junction barring the defendant Potvin Lumber Company,
Inc. (Potvin), from cutting standing timber on the plaintiffs'
property.  The defendant brought counterclaims for con-
version and interference with contractual relations.  The
parties waived a jury trial, and the action was tried before a
Superior Court judge, who ruled that the defendant was in
violation of a contract and had committed the statutory tort
of wilful and unlicensed cutting of standing timber.  See
G. L. c. 242, § 7.  Judgment entered permanently barring
the defendant from cutting timber on the plaintiffs' land,

---

[1] Karl A. Schmidt.

and treble damages were awarded the plaintiffs under G. L. c. 242, § 7. In addition, nominal damages were awarded for the violation of the contract. Under one counterclaim, the defendant was allowed to recover the value of its contractual right to certain trees that remained on the plaintiffs' land. Both parties appealed, but the plaintiffs' appeals were not docketed in this court and will not be considered. Mass.R.A.P. 10(a), as appearing in 378 Mass. 937 (1979). *Ingersoll Grove Nursing Home, Inc.* v. *Springfield Gas Light Co.,* 7 Mass. App. Ct. 864 (1979).

We summarize the findings of the judge. In March, 1978, the predecessors in title to the plaintiffs' land entered into a contract with Potvin for the sale of standing timber on the property. Only certain marked trees were to be taken by Potvin, which assumed responsibility for felling and removing that timber. In June, 1978, the plaintiffs signed an agreement to purchase the wooded property. At some time shortly thereafter but before the property was conveyed to the plaintiffs, Potvin began cutting trees under the contract. The plaintiffs became suspicious of the extent of Potvin's cutting and after investigation discovered that Potvin had cut and removed trees that were not under the contract. Shortly afterwards the plaintiffs purchased the property. At the time of the purchase, the plaintiffs entered into an agreement with the vendors, who assigned them "all claims . . . and causes of actions . . . which [the vendors] have had or now have, or may have, against [Potvin] by reason of the written contract [for the sale of timber]." After the sale the plaintiffs obtained an injunction barring further cutting of timber and also brought this action.

The defendant contends that the judge erred in ruling that the assignment of rights under the timber contract conveyed to the plaintiffs the right to bring an action for damages under G. L. c. 242, § 7. That statute, set out in the margin,[2]

---

[2] General Laws c. 242, § 7, is as follows:

"A person who without license wilfully cuts down, carries away, girdles or otherwise destroys trees, timber, wood or underwood on the land of another shall be liable to the owner in tort for three times the amount of the

provides a remedy in tort for the owner of land damaged by the unlicensed cutting of timber. *Palmer* v. *Davidson,* 211 Mass. 556 (1912). *Lawrence* v. *O'Neill,* 317 Mass. 393 (1944). Because Potvin's cutting operations took place between the date when the plaintiffs signed an agreement to purchase the land and the date the land was conveyed to them, standing to bring the action remained in the plaintiffs' predecessor in title. See generally *Greve* v. *Wood-Harmon Co.,* 173 Mass. 45 (1899); *Laurin* v. *DeCarolis Constr. Co.,* 372 Mass. 688, 691 (1977). The judge ruled, however, that the plaintiffs attained standing by virtue of the assignment executed at the time the property was conveyed to them. We disagree.

A cause of action under G. L. c. 242, § 7, is generally assignable.[3] The assignment here, however, referred unambiguously to, "all claims . . . and causes of action . . . by reason of the written contract between the assignors and . . . Potvin." Such a clear and explicit assignment must be construed according to its stated terms and here there was no reference to the assignment of a cause of action in tort. *Ober* v. *National Cas. Co.,* 318 Mass. 27, 30 (1945). *Edwin R. Sage Co.* v. *Foley,* 12 Mass. App. Ct. 20, 28 (1981). Also, at the time of the assignment, the plaintiffs were aware of Potvin's unlicensed cutting. Armed with such knowledge, the plaintiffs may be properly charged with the duty to insure that the assignment explicitly granted them the right to pursue the assignors' rights of action in tort had that been their intent. See *Standard Brands Inc.* v. *Millard,* 273 F.2d

---

damages assessed therefor; but if it is found that the defendant had good reason to believe that the land on which the trespass was committed was his own or that he was otherwise lawfully authorized to do the acts complained of, he shall be liable for single damages only."

[3] The interests protected by G. L. c. 242, § 7, are property, rather than personal, rights. Our courts have repeatedly held that claims for injury to property interests may be assigned. See *Bethlehem Fabricators, Inc.* v. *H.D. Watts Co.,* 286 Mass. 556, 566-567 (1934). That multiple damages are potentially recoverable does not affect that result. *Gray* v. *Bennett,* 3 Met. 522, 529-530 (1842). *Raymer* v. *Bay State Natl. Bank,* 384 Mass. 310, 314 (1981).

882, 884 (7th Cir. 1960). The assignment, which by its terms referred only to the assignment of rights under the contract, cannot be held to have assigned an independent cause of action.

The judgment is modified by striking out that portion awarding the plaintiffs damages for the tort claim and, as so modified, it is affirmed. Costs of appeal are not to be awarded to either party.

*So ordered.*